SAMUEL M. IRWIN *vs.* ELEANOR PAULETT and ALEXIS PAULETT.

The defects of a petition are cured by the answer when it, in substance, alleges all the facts which the petition lacks, and especially when the answer prays that judgment be rendered for plaintiff for a balance admitted therein to be due.

Action on a promissory note set forth in the petition of plaintiff below. The answer of defendant set forth a payment, and a request, by defendant, of plaintiff to apply it on the note. The plaintiff replied, alleging that the payment, mentioned in the answer, was applied by said plaintiff to another note, without any agreement on which note said payment was to be applied; *held,* that a debtor paying money to a creditor, holding several demands against him, has a right to direct as to the application of the payment. *Held,* that with such directions, the payment is complete, and the debt to which the payment is directed to be applied extinguished *pro tanto.*

*Held,* that the allegation of the amount of the payment in the answer is not an allegation of value or of the amount of damages, within the meaning of section one hundred and thirty-seven of the civil code, and that the reply should be regarded as an admission of the payment, and, if failing to deny the making of the request by the defendant as to the application of the payment, the payment of the amount set out in the answer, *on the note in suit,* stood admitted upon the record.

The authority to allow amendments to pleadings is derived from the code alone.

When a petition sets forth a cause of action on a promissory note, and the answer set forth a payment made thereon, and where the reply of plaintiff to

the answer admitted the facts set forth in the answer, *held,* that a motion to so amend the reply as to deny the payment set forth in the answer, is one for an amendment to change, substa·tially, the plaintiff's claim, and, under section one hundred and forty-seven of the code, should have been overruled.

The word, " claim," as used in section one hundred and forty-seven of the code, *construed* to mean the plaintiff's right of action appearing in the pleadings.

The defendants in error brought an action in the court below against the plaintiff in error upon a promissory note executed by him and one C. B. Campbell (defendant below not served) to E. A. Paulett & Co. There was no averment in the petition that the firm of E. A. Paulett & Co. was composed of Eleanor A. Paulett and Alexis Paulett. The answer of defendant admitted the making of the note, and set out a payment of one hundred and fifty dollars, and a request by defendant below that it be applied on the note in suit, and prayed that said payment be set off to the amount due on said note, " and that the plaintiff may have judgment for the balance." The reply of plaintiff was filed, the substance of which is given in the opinion of the court, as are also the proceedings upon the amendment thereof. After the introduction of the note in evidence on the trial, the plaintiff introduced Alexis Paulett as a witness to prove that the firm of E. A. Paulett & Co. was composed of Eleanor and Alexis Paulett, which evidence was objected to and ruled out. The court instructed the jury to find the full amount claimed by the plaintiffs in said petition, which was excepted to. The jury found in accordance with the instructions, and judgment was entered for that amount. The case comes to this court on a petition in error.

*Albert Perry,* for plaintiff in error. ✻

I. There is no denial in the reply of the averment of payment, but it is said there was no agreement to apply the one

hundred and fifty dollars to the note in question. A party who pays money may direct its application.

The one hundred and thirty-seventh section of the code of civil procedure provides that every material allegation of new matter in the answer, not controverted by the reply, shall, for the purposes of the action, be taken as true. No material allegation of the answer was denied. Payment was not denied. The section of the code referred to has not changed the law as it formerly was administered. Issues arise out of the pleadings of parties—averments upon the one hand and denials upon the other; and without such denials there can be no trial for want of an issue, and the affirmative averments are taken as confessed. "Without such a denial the party can take advantage of the defect at any stage of the case or on trial." (*See Gould vs. Glass*, 19 *Barb.*, p. 185; *Higgins vs. Freeman et al.*, 2 *Duer*, p. 650.)

"The defendant cannot avail himself of payment without pleading it, and when pleaded, if there is no reply there can be no trial for want of an issue." (*Hubler vs. Pullen*, 9 *Ind.*, p. 273.)

It follows from the above that Irwin was entitled to have the amount, set up in his answer as payment, applied *pro tanto* in discharge of the note, and the court erred in refusing his motion.

II. The second and third grounds of error may be considered together.

The court erred in permitting the plaintiff below to add a count of general denial to a reply where they had filed a special plea. A party cannot thus plead. "His plea must be special or general—not both." (*See Nash Prac.*, p. 65; *see, also, How. P. R.*, p. 246; 8 *do.*, p. 193.)

III. The other assignments of error will be considered together. If the court shall consider the objections of the plaintiff in error to the ruling of the court below well taken, the entire judgment must be reversed. The error here assigned

grew out of the defective petition in the case. By reference to the record it will be observed that the action was upon a note executed to a firm, and in their partnership name. No averment is made in the petition that the firm was composed of the parties whose names appear in the title of the cause.

Now, all the facts necessary to enable the plaintiff to recover should be averred in the petition; and if such necessary averments are not made in the petition, the plaintiff can offer no proof under it. There is no averment in the petition that the firm was composed of Eleanor A. and Alexis Paulett, and that they were the parties to whom the note was executed, and who are entitled to the amount due on the note. It is not pretended that they were a corporation, and entitled to sue in their corporate name.

It was held by the court, in his instructions to the jury, that the answer of Irwin had come to the aid of the petition of the plaintiff below, and set up the fact that the firm was composed of Eleanor A. Paulett and Alexis Paulett, and supplied that wherein the petition was defective. By reference to the answer it will be seen that the statement of the court below is entirely gratuitous. There is no such averment in the answer. It is only admitted that the note was executed by the plaintiff in error, and an averment of payment of one hundred and fifty dollars.

But suppose that such an averment was made in the answer. Does it come to the aid of the petition? "A plaintiff must, in his complaint, state the facts that constitute his cause of action. He is not at liberty to make out his case by proof of facts not alleged in his complaint." (*Bristol vs. Rensalear et al.*, 19 *Barb.* 158; *also Garvey vs. Fowler*, 4 *Saunders*, 665; *See Boddington vs. Davis*, 6 *How. P. R.*, 402.)

"The allegations of an answer come to the aid of the petition only in cases where a discovery is sought, or where, from the transaction or the attitude of the parties, it may fairly be presumed that the defendant's means of information are bet-

ter than those of the plaintiff." (*Dodly vs. Price*, 14 *B. Mon. R.*, p. 88, *quoted in Seney's Ohio Code*, 123, *note* 4.)

*E. J. Jenkins*, for defendants in error.

The motion of the said Samuel Irwin to disregard the reply of the plaintiffs below, was not well made, for these reasons:

I. The jury are the judges of the evidence, and are the only competent judges of the facts in the case, and the court cannot take that duty or province from the jury except on demurrer or motion to strike out the pleadings, petition, answer or reply.

II. The failure of the plaintiffs below to deny the payment of the money, as alleged by the defendant's answer, only created a default on the part of the plaintiffs as to the fact and manner of a payment, and made it necessary for the defendant to prove the amount of the payment so made. (*See* § 137, *Code Civ. Pro.*)

There was no error in the court allowing the plaintiffs below to amend the reply by adding thereto a count of denial—it being a discretionary power. (*See* §§ 147 *and* 148 *of the Civil Code.*)

There was no error in the action of the court in overruling the motion to strike out the count of denial added to plaintiffs' reply, as the rule is well settled that if the several parts of an answer or reply are inconsistent with each other, the party pleading the same may elect by which defense he will stand. (*See Seney's Ohio Code*, p. 94, *note b, and p.* 114, *notes* 2, 6.) And if this were not so, the party may plead as many defenses as he has to an action, and should not be prejudiced if he pleads that in one part of his answer or reply which does not constitute a defense, and in another part plead a good defense. (*See* § 102 *of the Code of Civil Procedure.*)

If the petition of the plaintiffs below was insufficient, the defendant below should have demurred to the petition, for

want of sufficiency, which he failed to do, but filed his answer, thereby acknowledging the debt, which answer cured any defect in the petition after verdict. (*See* § 98 *of the Civil Code; Seney's Ohio Code, p.* 114, *note* 4.)

The petition was sufficient to sustain the verdict; but if it was not, it cannot be inquired of in this court, there being no motion in the court below upon which to predicate the action of this court.

By the Court, Cobb, C. J. This action was brought in the district court of Doniphan county, by the defendants in error against the plaintiff in error, upon a promissory note made by said Irwin and one C. B. Campbell in terms payable to the order of E. A. Paulett & Co.

Irwin answered, in substance, that, at the time of making the note, Campbell was indebted to the plaintiffs below in the sum mentioned, as principal in the note, and he (Irwin) signed the note as security for Campbell, and that Campbell afterward, on or about the the first of May, 1861, paid to said plaintiffs one hundred and fifty dollars, and requested them to apply it on said note.

To which answer a reply was filed, saying that the payment mentioned in the answer was applied by said plaintiffs on another note, given by said Campbell to said plaintiffs, without any agreement between said plaintiffs and said defendant on which of the notes said payment was to be applied.

The cause coming on for trial on these pleadings, Irwin moved the court to disregard the reply, and allow the one hundred and fifty dollars payment, and give the plaintiffs judgment for the balance ; which motion the court overruled, and Irwin excepted.

The plaintiffs below then asked leave to amend their reply by adding a denial of the facts stated in the answer, which was granted, and Irwin excepted, and such denial was added.

The note was given in evidence, and the cause submitted to the jury, without further proof by either party, with instructions to find a verdict for the plaintiffs for the full amount claimed in the petition ; to which instruction Irwin excepted. The jury found a verdict for two hundred and seventy-five dollars and sixty-eight cents, upon which judgment was rendered.

It is claimed by counsel for the plaintiff in error that the judgment should be reversed for defect of the petition in failing to allege that the plaintiffs below constituted the firm of E. A. Paulett & Co., the payees of the note.

Whether the petition is defective in that particular it is unnecessary for us to consider. The answer, in substance, alleges all the facts which it is claimed the petition lacks, and prays that judgment be rendered for the plaintiffs for the balance of the note, after allowing a payment of one hundred and fifty dollars, claimed to have been paid by Campbell, co-signer of the note.

In *Irwin & Lane vs. Shaffer & Curtis*, (3 *Law Gaz.* 281,) as cited in *Seney's Ohio Code*, (p. 109, note *h*,) it was held that " when a petition is defective, for want of a material averment, and such averment is supplied by the answer, and is not inconsistent with the averment and claims of the petition, the defects of the petition will thereby be cured." We see no objection to the principle there laid down, but in the case under consideration the answer in praying that judgment be rendered for the plaintiffs upon the petition, went much further, and most clearly waived any such defect in the petition.

The allegation of Irwin, in his answer, that Campbell, his co-contractor, paid to the plaintiffs one hundred and fifty dollars and requested that the same be applied on said note, is equivalent to an allegation of payment on the note to that amount. It is well settled that a debtor paying money to a creditor holding several demands against him has the right to

Irwin *v.* Paulett.

direct which demand the money paid shall be applied on, and when the money is received with such direction the payment is complete and the debt extinguished *pro tanto.*

The plaintiffs, by their reply, admitted expressly the payment, by Campbell, of the one hundred and fifty dollars, and by not denying, also admitted the request of Campbell to apply it upon the note in question in the answer. This is a full admission of the payment of one hundred and fifty dollars on the note in suit. That there was no agreement as to the application of the money was an irrelevant fact, and the allegation that it was applied on another note shows only an attempt to misapply the money, when its application in payment of the note in suit was already complete.

The position of the defendant in error that the amount of the payment was not admitted by his failure to reply, is not sustained by section one hundred and thirty-seven of the code. That section provides that "allegations of *value,* or of amount of *damage* shall not be considered as true by failure to controvert them." But an allegation of the amount of a payment, is in no sense an allegation of value or of the amount of damage.

The payment of one hundred and fifty dollars, then, stood admitted upon the record, and, as the pleadings then stood, Irwin was clearly entitled to a corresponding deduction from the plaintiffs' demand.

But the court then permitted the plaintiffs to add to their reply a general denial of the facts stated in the answer, thereby, at the commencement of the trial, retracting their admission of payment.

Did the court err in granting such amendment ?

The code of civil procedure, having provided for amendments of pleadings and regulated the practice in regard to them, the authority to make such amendments is derived solely from that act.

The provisions of the code in regard to amendments are as follows:

Sections one hundred and forty-one and one hundred and forty-two provide for amendments only in cases of variance between the pleadings and proof. Such amendments are made after trial, and bear no analogy to this case.

Sections one hundred and forty-four and one hundred and forty-five provide for amendments, of course, before the answer is filed, or within ten days after a demurrer is filed.

Section one hundred and forty-six provides for an answer or reply after a demurrer is overruled.

Section one hundred and forty-nine provides for amendments after a demurrer is sustained.

Section one hundred and fifty-one provides for amendments in the name of the party when he has been sued by a fictitious name.

Clearly none of these sections apply to the case before us, and the only other section providing for amendments is section one hundred and forty-seven, which reads as follows: "The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or by inserting other allegations, material to the case, when the amendment does not change substantially the claim or defense."

This section authorizes the insertion of "other allegations" only when the amendment does not change, substantially, the claim or defense. The word, "claim," as used in this section, means the plaintiff's right of action, appearing by the pleadings. The language, in that connection, is susceptible of no other meaning. In the case under consideration, the plaintiff's claim, as it appeared by the allegations of the petition and the admissions of the reply, before the amendment was a right of action, for the amount of the note, crediting a pay-

Irwin *v.* Paulett.

ment of one hundred and fifty dollars, as made on the first of May, 1861. After the amendment, it was a right of action for the amount of the note, without such credit.

The amendment, then, most clearly changed, substantially, the plaintiffs' claim. The motion to amend should have been overruled, and the jury should have been instructed to find for the plaintiff, the amount of the note, crediting a payment of one hundred and fifty dollars, as made on the first of May, 1861.

Decisions have been made, both in New York and Ohio, allowing the court great latitude in granting amendments to pleadings, changing, substantially, the issue to be tried; but an examination of the provisions of the codes of those states, under which such amendments were allowed, will show that they have no application here.

Section one hundred and thirty-seven of the Ohio code, which is a literal transcript of the one hundred and seventy-third section of the New York code, provides that "the court may, before or after a judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change, substantially, the claim or defense by conforming the pleading or proceeding to the fact proved."

By this section, the court is authorized, after trial, to amend, "by conforming the pleading or proceeding to the facts proved," only "when the amendment does not change, substantially, the claim or defense;" but in other stages of the case, it authorizes the court to insert other allegations, whether the amendment changes the claim or defense, substantially or not, (*see Beardsley vs. Stovers,* 7 *How.,* 294,) recognizing that distinction; while in our code the restriction is, by the language of the law, applied to amendments before

trial, as well as after. This strict rule with regard to amendments before trial, may produce inconvenience, but it is the strictness of the statute, and can be remedied only by the legislature.

The judgment must be reversed, with cost to the plaintiff in error, and the cause remanded to the district court, with instructions to strike out the amendment to the reply, and retry the cause.

All the justices concurring.