THE ARKANSAS CITY BANK v. DEWITT McDOWELL.

No. 239.

1. PLEADING—*Allegation of Authority—Verification of Denial.* An allegation of the existence of authority shall be taken as true unless the denial thereof be verified by the affidavit of the party, his agent, or attorney.

2. EVIDENCE—*Attorney and Client.* An attorney may testify that a certain person is his client. This is not a privileged communication.

3. PLEADING—*Defective Petition—Cure by Answer.* The incomplete and defective allegations in the petition in this case are fully cured by the allegations in the answer.

4. ——— *Probable Cause and Want of Malice—Theory of Case.* The answer and reply raise the issue of probable cause and want of malice, and the case was tried upon that theory by the plaintiff in error.

Error from Cowley district court; M. G. TROUP, judge. Opinion filed February 14, 1898. Affirmed.

IN October, 1889, Warren & Irby were the owners of 1225 head of cattle located upon Beach & Feagins' ranch in the Kaw reservation, I. T., and were offering them for sale. Beach & Feagins wanted to buy them but did not have the money.

Plaintiff in error, the Arkansas City Bank, furnished the money and took from Warren & Irby an assignment of five promissory notes signed by Beach & Feagins aggregating the sum of $26,040, and a chattel mortgage upon the 1225 head of cattle and certain other cattle belonging to Beach & Feagins. The plaintiff in error also took from Warren & Irby a bill of sale of the 1225 head of cattle, the consideration of which was $22,890. The plaintiff in error also took from Beach & Feagins a bill of sale of the 1225 head of cattle and certain other cattle, the consideration of

which was $26,040.  Prior to November, 1890, the plaintiff in error had received some $15,500 from the sales of a portion of these cattle.  During November, 1890, the defendant in error and his brother, William McDowell, bought from Beach & Feagins some fourteen car-loads of these cattle, and shipped them to St. Louis and Kansas City and sold them.

On December 8, 1890, James L. Britton, the president of the plaintiff in error, caused a criminal action to be brought before D. Baxter, a justice of the peace of Cowley county, Kansas, against the defendant in error and his brother, charging them with the larceny of 350 head of cattle, each of the value of twenty dollars, and all of the aggregate value of $7000, the property of the plaintiff in error.

The McDowells were arrested upon the 8th day of December, 1890, and the case being continued to the 15th, they entered into a recognizance in the sum of $4000 each for their appearance before the justice of the peace upon that day.  On the 15th day of December, the plaintiff in error endeavored to dismiss the case so that the McDowells could be taken into custody by a deputy United States marshal upon a warrant issued by a United States commissioner of Oklahoma territory.  The McDowells, by their attorneys, waived examination, and the case was continued until the next day, when they waived examination upon the charges contained in the warrant, and the justice fixed the amount of their recognizance at $4000 each ; and upon their failure to give the same, a commitment issued and the McDowells were taken by the sheriff to the county jail at Winfield.

As soon as the transcript was received in the office of the clerk of the district court the county attorney had the case dismissed, and the prisoners, upon a

complaint made by James L. Britton, were held under a warrant issued by W. P. Meadows, a United States commissioner in Oklahoma territory, and were by Deputy Marshal Payne taken to Guthrie, Okla. The case was continued until December 23, 1890, and upon that date the case was dismissed.

August 14, 1891, the defendant in error commenced this action against the plaintiff in error to recover $20,000 as his damages. The petition alleges :

"That James L. Britton, John H. Hartman and Charles A. Scruton are, and at all the times herein mentioned were, directors, stockholders and managing officers of the defendant corporation, and duly authorized by the defendant to commit the wrongs hereinafter set forth upon the plaintiff.

"That heretofore, to wit, on the 16th day of December, 1890, said defendant, by its managing officers aforesaid, acting as the agents of the defendant, unlawfully, wrongfully, maliciously, forcibly and against the will of the plaintiff assaulted and imprisoned the plaintiff, and kept and detained him in the jail at Winfield, Cowley county, Kansas, for the space of two days, and then wrongfully, forcibly, maliciously and without any legal authority whatever took the plaintiff away from his home in Cowley county, Kansas, to Guthrie, in the territory of Oklahoma, and then and there imprisoned and detained him for the space of four days."

To this petition the plaintiff in error filed the following answer :

"Comes now the defendant, the Arkansas City Bank, and for its answer to the petition of the plaintiff filed it this cause denies each and every allegation contained in said petition, except such allegations as are hereinafter expressly and specifically admitted : The defendant admits that James L. Britton is the president of the defendant, that Charles A. Scruton is the vice-president of the defendant, and that John H. Hartman

is the cashier of defendant, but denies that the said James L. Britton, Charles A. Scruton, and John H. Hartman, or either of them, or that the said defendant bank, at any time personally seized the said plaintiffs and imprisoned them or detained them in custody.

"The defendant further answering said petition, and for a second and further defense, alleges and avers that James L. Britton did, on or about the 8th day of December, 1890, make complaint in writing, under oath, before one D. Baxter, a duly elected, qualified and acting justice of the peace in the city of Arkansas City, in and for the county of Cowley and state of Kansas, charging said plaintiff with the larceny of certain cattle, the property of the Arkansas City Bank, of Arkansas City, Kan., but that the said James L. Britton consulted with the county attorney of said county, and disclosed all of the facts in connection with the transaction on which said charge of larceny was founded, and the said James L. Britton, acting individually and not in any representative capacity as agent or officer of this defendant, did thereupon file said complaint with said justice of the peace.

"That thereupon and thereafter warrants were duly issued for the apprehension of the plaintiff under said charge, and other proceedings were subsequently had, as will more fully appear by a true and correct copy or transcript of the docket of the said justice of the peace hereto attached and marked exhibit 'A,' and hereby made a part of this answer. That the conduct and authority over the proceedings in question rested solely with the duly constituted officers of the state of Kansas, whose duty it was to attend to such prosecutions and to make the arrest of the defendants so charged.

"That the said defendant or James L. Britton were not in any manner responsible for the method or manner in which the officers conducted the prosecution in question, nor the manner of apprehending the plaintiff, but that the said officers had full charge and control thereof.

"That the facts on which said charge was made are

as follows : That the said plaintiff did, on or about the 27th day of November, 1890, at and within the Kaw reservation, in the Indian territory, take, steal, and drive away, of the goods, chattels and property of the defendant, the Arkansas City Bank, 350 head of cattle, each of the value of twenty dollars, and all of the aggregate value of $7000, being the property of this defendant.

‘‘That the cattle so feloniously taken and stolen by the plaintiff were carried, driven and hauled into and through the state of Kansas, and into and through the county of Cowley in said state, by the plaintiff in this action.   That the venue of said cause for a prosecution therefor properly laid in the territory of Oklahoma, or in the state of Kansas, under and by virtue of the statute in such cases made and provided.

‘‘That after said prosecution was brought within the state of Kansas, the said county attorney of Cowley county, in the state of Kansas, and the United States attorney for the territory of Oklahama, on account of the witnesses being located principally within said territory, and on account of the difficulty of procuring their attendance and of enforcing their attendance in the state of Kansas, decided to request the said James L. Britton to make complaint for the prosecution of said offense in the Indian territory, which complaint was duly made by the said James L. Britton, and filed with one W. P. Meadows, a commissioner of the United States circuit court of Oklahoma territory, charging the said plaintiff with having committed the same offense in the Indian territory, and thereupon a warrant was duly issued for the apprehension of the plaintiff by the commissioner aforesaid.   And the said James L. Britton had no further connection or authority or control over such action, and was in no manner responsible for the apprehension of plaintiff further than the filing of a sufficient complaint with an officer duly authorized under the laws of the United States and of the territory of Oklahoma to take cognizance of the jurisdiction over such offense.

‘‘That said James L. Britton had reasonable and

probable grounds for preferring such charges against the said plaintiff in this action, and that the said plaintiff is in fact guilty of the crime therein charged. That on account of some informality or defect in the service and execution of the warrant so issued by said commissioner of the United States court of the territory of Oklahoma, the United States attorney of said territory of Oklahoma nollied said action, but the fact now is that the matters charged in said complaint are now and were at the time of the commencement of this suit pending investigation and being investigated by the grand jury of the said United States court for the territory of Oklahoma, and that the same is under advisement at this time by the said grand jury and by the United States attorney for said territory of Oklahoma, for the purpose of prosecuting said plaintiff for said offense by means of an indictment of the grand jury aforesaid.

"That the plaintiff is guilty in fact of the crime charged, and that this action is instituted for no other and further purpose than to intimidate the said James L. Britton or this defendant, to induce them to procure the officers aforesaid to withdraw such prosecution; that the above are the acts attempted to be complained of in said plaintiff's petition.

"That neither this defendant nor any of its officers ever at any time seized the plaintiff or ever at any time held him in custody or imprisonment, but the only imprisonment and custody in which the plaintiff was held was through officers, on account of warrants for his apprehension duly issued and to such officers for such purpose, duly and lawfully directed and delivered."

In opening his case to the jury, the attorney for plaintiff in error made the following statement:

"Now to recapitulate: The Arkansas City Bank denies it had anything to do with any prosecution of this plaintiff; denies that it ever had anything to do with his being taken out of the state of Kansas in a regular or irregular manner, and as a last defense, we

insist, gentlemen of the jury, that there are existing right now, and was at the time of the alleged irregulaaities complained of at our hands, reasonable grounds for any prudent man to believe — right now to believe — that this plaintiff was implicated in the stealing of these cattle.''

The case was tried to a jury, and the jury returned a verdict in favor of McDowell in the sum of $1500, and the bank brings the case here for review.

*Stanley & Vermilion*, for plaintiff in error.
*Campbell & Dyer*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : It is claimed by the plaintiff in error that there is no evidence that James L. Britton was authorized by the bank to act for it in causing the arrest and imprisonment of McDowell. The petition alleges the authority of Britton, and this allegation is not denied under oath and must be taken as true. (Gen. Stat. 1897, ch. 95, § 108.)  Besides this, the acts of the parties and the surrounding circumstances support the finding of agency made by the jury.

It is also claimed that Britton, by stating all the facts in his possession to reputable attorneys, and being by them advised that the McDowells were guilty of the larceny of the cattle, had probable cause to believe them guilty.  The jury, in answer to a special question, say they do not know whether he stated all the facts in his possession to the attorneys but that he did consult reputable attorneys.  We think the jury were justified in making this finding.  Britton evaded the question as to just what he told the attorneys but says he did tell them that the bank owned the cattle. The jury find also that the bank did not own the cattle, but that Beach & Feagins owned the cattle and the

bank held them as security for the payment of Beach & Feagins's notes.  But even though Britton told the attorneys all the facts, and admitting that this conclusively establishes probable cause and lack of malice, yet this would be no defense to the charge of false imprisonment.

Counsel for the plaintiff in error also contend that the court erred in admitting in evidence the transcript of the proceedings before Commissioner Meadows for the reason that it was not properly authenticated.  It is unnecessary to determine this question, as the answer admits all the facts which the transcript tended to prove ; and if its admission was error it is immaterial error and not prejudicial to the substantial rights of plaintiff in error.

"Whatever is admitted in a special defense operates, so far, as a modification of a general denial, and is to be taken as true, without other proof." ( *Wiley v. Keokuk*, 6 Kan. 94.)

The next alleged error is that Theophilus was permitted to testify that the plaintiff in error had employed and paid Atkinson and Theophilus to represent the prosecution in the criminal case before the justice of the peace in which the McDowells were defendants. Testifying that they were attorneys for the plaintiff in error is not a communication made to them by their client, or their advice thereon.  It is simply a statement as to who the client is.  This is not a privileged communication.

All the other errors complained of which we think worthy of consideration are directed to the allegations of the petition.  It is claimed by counsel for plaintiff in error that the petition charges only false imprisonment and that any evidence or instructions tending to establish malice or probable cause were erroneously

allowed and given. The petition attempts to state a cause of action based upon the whole transaction and to treat it as one continuous wrong. It alleges that McDowell was imprisoned in the jail at Winfield, and then taken to Guthrie and there imprisoned. It must be conceded that, as to the imprisonment in the jail at Winfield, the petition is defective in charging either malicious prosecution or false imprisonment. But it must also be conceded that the allegations of the answer cured the defective allegations of the petition. (See *Irwin v. Paulett*, 1 Kan. 418; *Mitchell v. Milhoan*, 11 id. 617; *Campbell v. Coonradt*, 22 id. 705; *Bierer v. Fretz*, 32 id. 329; *Clay v. Hildebrand*, 34 id. 694.)

In the case at bar, the questions of malice and probable cause were squarely put in issue by the answer of the plaintiff in error, to which the defendant in error filed a general denial. The case was tried by the plaintiff in error upon the theory that probable cause for the prosecution and want of a malicious motive in instituting it would be a good defense to the action. In its statement to the jury, in the evidence, in the instructions asked for — the eighth, twenty-third and fifty-third of which were given by the court — and in the special questions submitted to the jury, the plaintiff in error recognized that the questions of malice and probable cause were in issue. In fact, it was the plaintiff in error who brought these questions into the case.

The proceedings held in Cowley county constituted a malicious prosecution, provided Britton had no probable cause for believing the defendant in error guilty of the larceny of cattle, and instituted the prosecution from malicious motives or for the purpose of enforcing the collection of the debt owing to the bank. The proceedings were regular, and there was no false im-

prisonment in the arrest made under the warrant is-sued by Baxter.

The proceedings had in Oklahoma were void, for the reason that the commissioner who issued the war-rant was a commissioner for Oklahoma and not for Kansas. They constituted false imprisonment.

The whole transaction was a continuous proceeding, for the reason that the defendant in error was either under arrest or bonds from the time of the first arrest until he was released and the case against him dis-missed in Oklahoma, on December 23, 1890. The plaintiff in error in this case had a fair trial and was fully apprised of the nature of the claim made against it.

The judgment of the district court is affirmed.