MISSOURI VALLEY R. R. Co. v. ALEXANDER CALDWELL.

1. PRACTICE; *Pleading; Variance; Amendment.* Though there be a variance between the allegations of a petition and the facts proved on the trial, yet if it be a case where an amendment of the petition ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance.

2. COMMON CARRIER; *Special Contract; Negligence.* A special contract of a common carrier that he shall not be liable for breakage, operates only to relieve him from his liability as insurer, and leaves him responsible for ordinary negligence as any other bailee for hire.

*Error from Leavenworth District Court.*

CALDWELL brought his action to recover the value of a mantel mirror, which he alleged was broken and destroyed through the carelessness and negligence of the plaintiff in error. The Railroad Company answered, denying negligence and carelessness, and alleging that *Caldwell*, by the shippers as his agents, had released the company from all liability in transporting said mirror, etc., setting out the release as follows:

"NEW YORK, JUNE 5TH, 1869.

"We, the undersigned, hereby acknowledge that the one case delivered by us this day to the Camden & Amboy Railroad and Transportation Company, for transportation to Leavenworth, Kansas, and marked *Alex. Caldwell*, contains glass, at our own risk as regards breakage; and we therefore agree that said company, and the connecting railroads over which said glass may be transported, shall not be liable for breakage thereof, and shall be released and discharged from any claim for damages it may sustain while in their possession."

The action was tried at the May Term, 1871. The jury returned a verdict the substance of which, and the questions of law and practice raised on the trial, will be found in the opinion. Judgment for plaintiff for $270, and the *Railroad Company* bring the case here by petition in error.

*Clough & Wheat*, for plaintiff in error:

1. It appears from the release that the Company did not have the broken mirror in its care as a common carrier; but on the contrary the Camden & Amboy Railroad and Transportation Company, and all other persons and corporations concerned in transporting the mirror from New York to Leavenworth, did so under a special contract; and such contract is so variant from the contract or duty claimed by Caldwell, in his said petition, that because of such variance the Company should have had judgment. Code, §§ 84, 135; 1 West Va., 87; 13 Ind., 518; 19 Wend., 329; 11 N. Y., 492; 66 E. C. L., 347, 352; 2 Greenl. Ev., §§ 209, 210.

And in this connection, in relation to the question of variance,

etc., see 1 Chitty Pl., 305 to 313; 28 Cal., 65; 21 Ill., 598; 9 Conn., 508; Angell on Carriers, § 440.

Where there is an express contract, that alone must be relied on, and none other can be implied. 10 Pet., 319; 2 Greenl. Ev., § 210; 28 Ill., 383; 2 Bos. & Pul., 426; 9 Barn. & Cress., 59; 5 Mees. & Wels., 83; 1 Doug. (Mich.,) 330. And by shipping under that release, the shippers, and Caldwell, assumed all risk and liability themselves: 1 Pars. Cont., 28.

That the release was binding on and operative against Caldwell, see 20 Md., 202; 6 How., 344; 24 How. Pr., 290; 1 Daly, 227; Angell on Car., § 251.

2. But independent of any question of variance, we claim that because of said release the Company was entitled to judgment. 20 Md., 202; 24 N. Y., 181; 2 Hurl. & Nor., 693; 7 Excheq., 707; 49 Barbour, 21.

3. The mirror was broken on the levee at Leavenworth, by a dray running against it. And there is nothing tending to show any want of care of the persons having the mirror in charge at the time it was broken—much less is there anything showing the mirror was broken because of any negligence of the Company. It was only broken by the affirmative tortious act of a third person. And Caldwell should have looked to the drayman instead of the Company.

*Stillings & Fenlon*, for defendant in error:

1. The proof shows and the jury finds facts which show a want of ordinary care on the part of the Railroad Company, or, in other words, gross negligence, as the cause of the injury complained of.

It is claimed by the Company that it is not liable by reason of a stipulation entered into by the consignors of the goods. The stipulation only excuses them from the ordinary liability of common carriers, and does not and never could have been intended to cover a case of gross neglect of duty on part of the plaintiff in error. 1 Redf. on Rlys., 606; 2 id., 92, 101; 6 How. 378; Angell on Car., § 265; 2 Pars. Cont.; 31 Me., 228; 42 N. Y., 212.

Either one of the connecting lines is liable for gross negligence by which such an injury occurs, notwithstanding such agreement. 6 How., 378.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought suit in the district court to recover of plaintiff in error the value of a mirror which he alleged was broken through its negligence. The petition charged that defendant was a common carrier; that as such it received the mirror to transport it to Leavenworth; that it failed to deliver the same in good order, but so negligently and carelessly handled it that it was broken and wholly lost to plaintiff. The answer alleged that the mirror was shipped under an agreement that the transportation should be at the plaintiff's risk as regards breakage, and a release of all claims against the company therefor. The original shipment was in New York, but the agreement and release were to apply to all the companies over whose roads the mirror should pass. The special verdict found that the mirror was shipped under such an agreement and release. Upon this two points are made by counsel for plaintiff in error, and strenuously urged: 1st.—That there is a variance between the allegations of the petition and the facts as found by the verdict, and such a variance as entitled the company to a judgment; and 2d.—That under the terms of the agreement and release the carrier is not responsible for the breakage and loss of the mirror. The determination of these two questions disposes of the case.

I. Something of an argument might be made to show that this was no case of variance, but rather a case in which only part of the allegations of the petition are proven. But waiving this, and conceding it to be a case of variance, still as it is such a case as would manifestly require the court to give leave to amend the petition to conform to the facts proven, and as the defendant could not justly claim to be prejudiced by such amendment, we do not think the judgment ought to be disturbed because no formal amendment has actually been made.

II. Whether and to what extent a common carrier can

restrict his liability by special contract are questions of pro-
foundest importance.    Yet, as the decision of this case does not
necessarily require a determination of them, we forbear to
express any opinion upon either; for the agreement made at
the time of shipment, if good at all, operated only to relieve
the carrier from his common-law liability as insurer, and left
him liable for ordinary negligence as any other bailee for hire:
6 Howard, U. S., 378.   Now the facts as found by the jury
show to us, more than ordinary negligence on the part of the
carrier in the handling of this mirror.   It was placed on the
levee along with agricultural implements, and other heavy
freight, in a narrow passage way through which drays and other
vehicles were passing, "standing upon its end, and not suffi-
ciently supported to prevent its being easily overturned by any
slight collision," and without anything placed in front of it to
protect it from injury by passing vehicles.   In this exposed
condition it remained for some hours, and was finally struck by
a passing dray, overturned, and broken. The learned judge who
tried the case held this to be negligence, and properly so.   A
good many other points are made by counsel for plaintiff in
error, but none of them are of sufficient importance to justify
us in disturbing the judgment.   The judgment of the court
below will be affirmed.                                        ,

All the Justices concurring.