ABRAHAM GRANDSTAFF, *et al.*, v. JAMES G. BROWN, *et al.*

1. DEFECTIVE ALLEGATIONS, *How Cured.* Defective allegations in a petition may sometimes be cured by subsequent proceedings in the case; and *held*, that if there were any defective allegations in the petition in this case, they were cured by the subsequent proceedings.

2. ——— *No Error, When.* Where no objection is made to the introduction of evidence, no material error is committed by permitting its introduction.

3. CONVERSATION, *Substance of may be Given in Evidence.* A witness, introduced to prove a conversation, is not required to give the exact words of the conversation, unless he can remember them. Where he cannot remember the exact words, he may give the substance of the conversation, giving it as nearly in the exact words of the person using them as he possibly can. And where he attempts to give the conversation, and does the best he can, his evidence is not to be excluded, if he sufficiently remembers the conversation so as to give the substance of it in any form. In such a case it must be received, and considered for what it is worth.

*Error from Wyandotte District Court.*

ACTION brought by *Brown* against *Grandstaff* and wife and two other defendants, upon a note and mortgage. At the July Term, 1878, of the district court, the plaintiff had judgment against the defendants, and *Grandstaff* and wife bring the case here for review. The facts sufficiently appear in the opinion.

*Cobb & Cook*, and *J. A. Hale*, for plaintiffs in error.

*Holmes & Dean*, and *W. J. Ward*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note and a mortgage. The note was executed by Abraham Grandstaff, and the mortgage by Grandstaff and wife, and both were executed to James G. Brown. The note was an ordinary promissory note, dated May 25, 1872, for $500, due in one year after date, and drawing interest at the rate of ten per cent. per annum. It was given for money lent. The mort-

gage was more than an ordinary mortgage. It was given not only to secure the payment of said promissory note, but also to secure the performance of various other agreements and stipulations; and it itself contained these agreements and stipulations. It was given, among other purposes, to secure the repayment of a proportionate share of moneys to be advanced by Brown in carrying on a joint enterprise engaged in by Brown and Grandstaff, of improving the town site and building up the prospective town of Rosedale. This prospective town was situated in Wyandotte county, Kansas, near Kansas City, Missouri, and the property mortgaged was a part of the town site. This speculation proved disastrous, at least to Brown, who has lost about ten thousand dollars in the enterprise. Grandstaff has lost nothing yet, but possibly may lose something if the judgment of the court below in this case is enforced. The judgment of the court below was in favor of Brown, that he recover (it does not say from whom) $804.23 on said note—$643.37, Grandstaff's share of the expenses for improvements advanced by Brown; $144.45, taxes paid on the mortgaged property by Brown; $150, attorney's fees for foreclosing this mortgage, and costs of this suit—and that the mortgaged property be sold for the payment of all these amounts. No general execution was awarded against any of the defendants below, Abraham Grandstaff, Ellen Grandstaff, William Holmes, or Oliver H. Dean. Brown was the plaintiff in the court below, and the other persons above named were the defendants. In this court the Grandstaffs are the plaintiffs in error, and the other parties below are the defendants in error. Holmes and Dean, however, are in this court, and were in the court below, mere nominal parties. The real contest is, and has been, between Abraham Grandstaff and James G. Brown. The plaintiffs in error (the Grandstaffs) make five points in their brief, and as to each point, they claim that the judgment of the court below should be reversed. We shall consider these points in their order:

I. The petition below so obviously stated a cause of action

in favor of the plaintiff Brown and against the defendants, the Grandstaffs, that we think it would be wholly useless to discuss the question; and we think the petition is amply sufficient, considering all the circumstances of this case, to sustain the judgment of the court below in all its branches. If some of the allegations of the petition might be considered as slightly defective, still the petition may now be considered as amended so as to make its allegations correspond to the facts proved. (Civil Code, § 139; *Mo. Valley Railroad Co. v. Caldwell*, 8 Kas. 244; *K. P. Railway Co. v. Montelle*, 10 Kas. 127; *Pape v. Capitol Bank*, 20 Kas. 440.) There can be no question but that the evidence was sufficient as to all facts concerning which it is claimed that the petition was defective. Besides, after all the evidence was introduced, and the case stood for decision, the defendant Grandstaff filed an amended answer, which helped to supply the supposed defective allegations of the petition. (*Irwin v. Paulett*, 1 Kas. 418; *Barkley v. The State*, 15 Kas. 99, 107; see also *Smith v. Burnes*, 8 Kas. 197.) The evidence showed that Grandstaff, previous to the commencement of this action, objected to anything further being done under their original contract, and that all business under such contract was stopped. (See *Mitchell v. Milhoan*, 11 Kas. 617, 618, 625, 626, 630.) We might cite other cases showing that defective allegations in a petition may sometimes be cured by subsequent proceedings in the case, but we do not think it is necessary for this case.

II. That Grandstaff was personally responsible for his share of all expenses rightfully incurred under said contract, and that Brown, who advanced the money to pay such expenses, was entitled to recover a personal judgment against Grandstaff for such share, we think there can be no doubt. But it may be questioned whether a personal judgment was rendered against any of the defendants. The judgment itself does not purport to be such, and no general execution was awarded against any of the defendants.

III. No good reason has been, or can be given, for suppressing the whole of the deposition of V. V. Dodd. But it is

claimed that the fourth interrogatory addressed to Dodd, with the answer thereto, and the first cross-interrogatory addressed to Dodd, with the answer thereto, should have been suppressed. We think, however, that the evidence was rightly admitted. First, no objection was made to it; and, second, it was competent evidence. An objection was made to the fourth interrogatory addressed to James G. Brown; but no objection was made to either the fourth direct or the first cross-interrogatory addressed to Dodd. And when no objection is made to the introduction of evidence, no material error is committed by permitting its introduction. (*Brumbaugh v. Schmidt*, 9 Kas. 117.)

IV. The plaintiffs in error claim that the item of $81 allowed for the clearing of 16½ acres of the land contained in said town site was an improper item of expenditure under said original contract. Only one-eighth, however, of this item, or $10.12½, was charged as Grandstaff's share of said expenditure; and if we really thought that the allowing of this $10.12½ was erroneous, we would require that the plaintiff remit that amount, or accept a new trial; but we cannot say that the allowing of that item was erroneous. Brown did not personally make any of the improvements on said town site, and did not know personally anything about them. They were made by one V. V. Dodd, the common agent of both Brown and Grandstaff, assisted, however, by a son of Grandstaff, and by various other persons, who received the money furnished by Brown, for making them. Grandstaff was on the ground, residing a part of the time at Westport and a part of the time on the mortgaged property; and, of course, could know, and probably did know, just what improvements were being made on the premises, and he never objected to the clearing of said 16½ acres of land. Besides, the terms of the contract or mortgage are broad enough to cover this improvement and this expenditure. We would think it would be proper to remove brush from a town site, especially from the streets, alleys and public grounds. Brown furnished the money to Dodd, who was the agent of Grand-

staff, as well as of Brown, and Dodd made such improve-ments as he thought best.

V. The plaintiffs in error claim that certain evidence, tend-ing to show that Grandstaff refused to settle any matters of difference between himself and Brown by arbitration, was er-roneously admitted. Now, the whole case tended to show that Grandstaff did not want a settlement of any kind. He was occupying — and had been since 1872 — the joint prop-erty of himself and Brown, whose rental value (as the ref-eree finds) was $500 per year, and paid no rent, nor paid any taxes on the property (Brown paying all the taxes thereon), and did not pay any part of either the principal or the in-terest of the money which he borrowed of Brown, or of his share of that which Brown advanced for said improvements. He preferred to be let alone. He was satisfied with things as they were. But if he really had desired to have a settle-ment by arbitration, it was as much his duty to ask for the arbitration as it was that of Brown. But he never asked for an arbitration, nor even expressed a willingness to have it. The direct evidence, tending to show that Grandstaff refused an arbitration, was embodied in the eighth direct interroga-tory addressed to Dodd, with its answer, and in the sixth and seventh cross-interrogatories addressed to Dodd, with their answers. Now, no objection was made to said cross-inter-rogatories or to their answers, but only to the eighth direct interrogatory and its answer. The objection was, that the interrogatory was leading, and called for an opinion only, and that the answer was incompetent, irrelevant, and only an opinion or conclusion. The interrogatory and answer are not what they ought to be; but still, taking them in connec-tion with said cross-interrogatories and their answers, and it is clear that the witness attempted honestly to give the sub-stance of a conversation had between himself and Grand-staff. A witness is never required to give the exact words of a conversation unless he can remember them; and where he cannot remember the exact words, he may give the sub-stance of the conversation. Of course, he should give the

substance as nearly in the exact words of the person using them as he possibly can; and when he has done that, it then remains for the court, or jury or referee (as the case may be) trying the cause, to determine how much his evidence is worth. Where a witness attempts to give a conversation and does the best he can, his evidence is not to be excluded, if he sufficiently remembers the conversation so as to give the substance of it in any form. We think the said evidence objected to was properly received; but even it had been excluded, the same result should have followed that did follow.

The judgment of the court below will be affirmed.

All the Justices concurring.