## THE WILCOX & WHITE ORGAN COMPANY v. ANSEL M. LASLEY.

1. PRINCIPAL AND AGENT—*Authority of Agent.*   Where an agent has authority to collect a note, but is not authorized to receive anything in payment but money, he cannot accept his own note in payment; however, if he supplies out of his own funds the amount of the note received by him, and turns the same over to his principal, less his commission for collection, the principal cannot complain.

2. TRIAL BY COURT — *Findings — Variance — Amendment of Answer.* Where a civil action is tried before a district judge without a jury, and special findings are made and filed by the judge, even if there be a variance between the allegations of the answer and the facts proven upon the trial, yet if it be a case where an amendment of the answer ought to have been allowed to conform to the facts proved, the judgment will not be reversed on account of such variance; but, instead thereof, the answer will be considered as amended to conform to the facts proved and found.

*Error from Rice District Court.*

ACTION by *The Wilcox & White Organ Company* against *Lasley*, to recover the possession of an organ.   Trial by the court at the May term, 1887, and judgment for the defendant.

The plaintiff company brings the case here. The facts appear in the opinion.

*M. A. Thompson,* for plaintiff in error.

*J. H. Bailey,* and *J. R. Brinckerhoff,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by the Wilcox & White Organ Company against Ansel M. Lasley, to recover the possession of an organ, of the value of $100. The answer alleged the purchase of the organ by the defendant from the plaintiff; the payment of the purchase-price, except a small balance, and a tender of $15, an amount alleged to be greater than the unpaid balance at the commencement of the action. On September 24, 1883, the defendant purchased the organ, and executed to the plaintiff his note of $150, in which it was stipulated that the title should remain in the plaintiff until the note was paid. The note was to be paid in installments, as follows: $15 cash in hand, and $15 every three months, with interest on each installment at the rate of 10 per cent. per annum after maturity. On the back of the note given for the purchase of the organ, at the time the action was commenced, were the following indorsements: "Received $15, Sept. 24, 1883; received $18, July 10, ——; received $4.10, Sept. 10, 1885." Trial had by the court, a jury being waived. The court found that the payments were made upon the note as follows: Sept. 28, 1883, $15.00; March 24, 1884, $31.25; Nov. 22, 1884, $23.65; March 4, 1885, $10.00; July 10, 1885, $18.00; summer of 1885, $20.00; Sept. 10, 1885, $4.10; Sept. 11, 1885, $31.60; the court also specially found that the last payment discharged the note; that after the last payment the plaintiff claimed a balance on the note of $38.50; that the defendant denied he owed any such amount on the note, but offered to pay $15 in settlement, which offer the plaintiff refused to accept. Judgment was rendered in favor of the defendant and against the plaintiff, and the plaintiff excepted, and brings the case here.

It was shown upon the trial, by the statement of the account of the plaintiff with the defendant of May 8, 1886, that in addition to the payments indorsed upon the note, the following sums had been paid thereon: Mar. 24, 1884, $31.25; Nov. 22, 1884, $23.65; Feb. 4, 1885, $10; Sept. 11, 1885, $31.60. The payment most in dispute was the sum of $20, alleged by the defendant to have been paid in the summer of 1885. One Gurnsey testified that the firm of Bailey & Gurnsey, acting as collecting agents for the plaintiff, received from the defendant $20 upon the note; that he turned this sum over to Messrs. Fuller & Scott, upon a written order from the plaintiff; and that he took a receipt therefor, less a commission of 10 per cent. for collecting. The defendant testified that he paid that amount to Gurnsey for the plaintiff. The plaintiff admitted that the defendant made a payment of $18, but denied that he paid $18, and also $20. There is evidence in the case supporting the findings of the trial court and the judgment; and whether the preponderance of evidence is for or against these findings, it is unnecessary to consider. Where there is sufficient evidence to support the findings of a trial court, although the evidence is conflicting and contradictory, this court will not interfere. One payment of $31.60 was made to Fuller & Scott as the agents of the plaintiff, about Sept. 11, 1885. Sixteen dollars of this payment consisted of a note with interest held by the defendant against Mr. Fuller, and it is insisted that Fuller & Scott had no authority to accept anything in payment upon the note but money, and therefore the acceptance of the note of $16.60 was without authority, and the amount of the same ought not to be allowed as a credit. This claim would be true under the late decision in *Scully v. Dodge*, ante, p. 395, were it not for the fact that there was some evidence showing that Fuller & Scott paid to the plaintiff the $31.60 collected from the defendant; therefore, as the plaintiff received the amount of the note turned over by the defendant to Mr. Fuller, he cannot complain that the note was taken in place of money.

1. Principal and agent—authority of agent.

It is further contended that the judgment of the trial court

is erroneous, because the answer admitted a small balance due upon the note given for the purchase of the organ, and also alleged the tender of $15. In support of this contention, it is stated that there was no actual tender, and as there was an admission of a balance due, the plaintiff was entitled to recover. The answer contained, first, a general denial; it is also alleged that the organ was the property of the defendant. The trial court specially found as a fact, that the payment of September 11, 1885, of $31.60, discharged in full the note. This action was not commenced until October 7, 1886; therefore, before the commencement of the action, the note given for the organ had been satisfied. Conceding the variance between some of the allegations of the answer and the facts established, still, as the case is such a one as would manifestly require the trial court to give leave to amend the answer to conform to the facts proven, and as the plaintiff could not 2. Trial by court— justly claim to be prejudiced by such an amendfindings—vari-. ment, we do not think the judgment ought to be ance—amendment of answer. disturbed, because no formal amendment has actually been made. We will consider the amendment as having been made. (Civil Code, § 139; *Railroad Co. v. Caldwell*, 8 Kas. 244; *Yandle v. Crane*, 13 id. 344; *Bailey v. Bayne*, 20 id. 657.)

We do not think that there was any error prejudicial to the plaintiff in the refusal of the court to strike out the testimony of the defendant relative to his willingness to settle. This testimony related to an offer on the part of the defendant to compromise or purchase his peace. (*Latham v. Hartford*, 27 Kas. 249.) The case was tried without a jury, and the offer of the defendant to pay $15 in settlement, in view of all the other evidence, was against the defendant rather than in his favor. He makes no complaint.

A great many assignments of alleged error are presented in the briefs, because the court refused to answer the special findings presented. The court did specially find the various amounts paid by the defendant upon the note given for the organ; and also the dates at which these payments were made; and also that these payments were sufficient to pay the note

before the commencement of the action; therefore, considering the issues in the case, the special findings of the court were sufficient—at least the refusal to make other and more extended findings was not prejudicial error. It is possible that the credit of $18 of July 10, 1885, is identical with the credit of $20, alleged to have been made in the summer of 1885. The trial court, however, heard the evidence in regard to these items and their identity, and the special findings show that not only the $18 was paid, but also the $20. With the evidence before the trial court, we cannot correct these findings, even if the court might have ruled differently. (*Railroad Co. v. Kunkel,* 17 Kas. 145, and cases cited; *Hyde v. Bledsoe,* 9 id. 399; *Ruth v. Ford,* 9 id. 17.)

Upon the whole record, with the answer amended so as to conform to the facts proven, the judgment of the district court will be affirmed.

All the Justices concurring.