### SAMUEL S. TIPTON v. ISAAC WARNER.

1. LAND WARRANTS — *Location* — *Demand* — *Limitation of Action.* In 1859, T. received from W. three land warrants, calling, in the aggregate, for 320 acres of land, and $180 in cash, to be used by T. in locating land in Kansas, for the benefit of W., with the understanding that, if W. should not be satisfied with the selections of T., that T. would pay W. back his money and the value of the land warrants, at $1 per acre, with interest at 10 per cent. T. used the warrants and money received from W. in locating land, but took the land in his own name. In September, 1885, W. elected to take the land, and demanded deeds for the same, and also demanded a settlement with T. *Held*, That the statute of limitations did not commence to run until such election and demand were made on T. by W., and that the action was not barred when the suit was commenced.

2. PETITION — *Amendment.* The petition in this case examined, and *held*, that the petition might have been amended on the trial to conform to the facts proven, and that this court will treat it as having been thus amended, and will not reverse the case because of a variance between the petition and the facts proven and the judgment rendered thereon.

*Error from Anderson District Court.*

SUIT by *Warner* against *Tipton*, to recover land. Judgment for plaintiff, at the adjourned March term, 1888. The defendant brings error. The opinion states the facts.

*W. A. Johnson*, for plaintiff in error.

Opinion by STRANG, C.: July 20, 1859, at Lawrence, Kas., Samuel S. Tipton received from Isaac Warner three land warrants of the value of $320 and $180 in money, to use in locating land in Kansas for the benefit of Isaac Warner, with the understanding between said Tipton and Warner that, if said Warner was not suited with the land selected by Tipton, Tipton should pay him his money back, including $320 for the warrants, in one year, with interest at the rate of 10 per cent. Tipton located said warrants upon lands in Anderson and Coffey counties, Kansas, in his own name. He never deeded any of said lands to Warner, but on the 22d of March, 1880, he deeded 120 acres of the land to the defendant Catherine Mooney for $600, and on the next day deeded 80 acres of said land to W. H. Reed for $475, who subsequently conveyed the same to the defendant Amanda Stout. Tipton still held the balance of said land in his own name at the commencement of this suit, but afterward, on the 6th of March, 1886, he mortgaged said land to N. P. Garretson, one of the defendants, for the sum of $1,000. Tipton never paid Warner any of the $180, nor anything for said warrants. The cost of locating said land, and the taxes on the same prior to the commencement of this suit, amounting to $846.52, were paid by Tipton, and none of said amount has been paid by Warner to Tipton. August 24, 1885, in response to a letter from Warner inquiring about the transaction, Tipton wrote as follows to Warner:

"Yours came to hand a few days since, and as I am very busy and thought to write you every day, but it rained to-day and stopped me from haying. I take this opportunity of saying that I entered three pieces of land and kept them as long as I could, for taxes were eating me up, and I was obliged to sell, but if you will come out here I think we can come to some understanding with regard thereto and get all right."

In response to said letter Warner came to Kansas, called on Tipton, and demanded deeds to the land, which were re-

fused by Tipton.   The defendant Tipton answered to the
amended petition, and the case was dismissed as to the other
defendants.   The answer was, first, a general denial, and sec-
ond, a plea of the statute of limitations.   The case was tried
by the court without a jury, the court making the following
findings of fact:

"1. In 1859, and ever since, the plaintiff was and remains
a resident of Illinois, and the defendant is and for many years
has been a resident of Kansas.

"2. On the 24th of August, 1885, the defendant wrote,
signed and mailed to the plaintiff the letter of that date set
out in the petition, in response to one inquiring about said
land warrants, land, and money.   The plaintiff received said
letter and thereupon responded thereto by going in person to
Kansas, called upon defendant and made the election and de-
mand stated in the third paragraph of the agreed facts.

"3. All of these lands until sold were wild, vacant and
unoccupied, and that tract remaining unsold is still in that
condition."

Upon said facts and the admissions contained in the agreed
statement of facts, the court found the following conclusions
of law:

"1.   The lands so located by defendant became and were at
the plaintiff's option the property, in equity, of the plaintiff.
The legal title was held in trust by the defendant, who had a
lien thereon for the taxes paid by him, and who is chargeable
with the $180 advanced in 1859, and the proceeds of the sales
and mortgage of the lands, as set forth in the agreed state-
ment.

"2.   The $180 should be applied upon the taxes first paid
by defendant, and the balance of said taxes, with interest at 7
per cent., should be deducted from the money so received from
the sale and mortgaging of said lands, with interest, and the
remainder, to wit, the sum of $2,204.69, should be recovered
by the plaintiff from the defendant with costs.

"3.   The plaintiff should also have judgment for the convey-
ance to him of the tract remaining unsold, subject to the $1,000
mortgage thereon.   Judgment will be entered accordingly."

Motion to set aside the findings of fact and conclusions of
law and grant a new trial was overruled, and judgment entered
as follows:

"4. It is therefore ordered and adjudged and decreed, that the said defendant Samuel S. Tipton, within 30 days from the rising of this court, execute and deliver to the said plaintiff, Isaac Warner, a good and sufficient deed, with covenants of general warranty, conveying the premises in the said petition described, to wit: The east half and the southwest quarter of the southwest quarter of section 15, township 20, of range 17, in Coffey county, Kansas, to the said Isaac Warner in fee-simple, subject to the mortgage of $1,000 above described; and in default of the execution and delivery of such deed as aforesaid by the said defendant, it is ordered that this judgment and decree shall have the effect and operation of such conveyance, so as to vest the title to the said premises in the plaintiff in fee-simple.

"5. And it is further ordered, that the said plaintiff, Isaac Warner, recover against the said defendant Samuel Tipton the said sum of $2,204.68, his damages in form aforesaid assessed, and also his costs in and about his action in this behalf expended, taxed at $——, and in default thereof that execution issue therefor."

This judgment was excepted to, and the case is brought here for review. The first error complained of is the action of the court in overruling the objection of the defendant below to any evidence under the petition of the plaintiff, for the reason that it did not contain facts sufficient to constitute a cause of action. The contention of the counsel for the plaintiff in error in connection with this assignment is, that the case is an action for the recovery of money, and that the petition shows upon its face that the cause of action is barred by the statute of limitations. This court is of the opinion, however, that the statute did not commence to run until September, 1885, when Warner came to Kansas, and for the first time demanded of Tipton a settlement, and an accounting under his trust. Until Warner elected whether he would take the land selected by Tipton for him, or receive back his money and interest, Tipton was not in default, and therefore the statute would not commence to run until Warner made such election and demand, in September, 1885. This action was commenced in January, 1886, less than one year after the

election and demand of Warner were made, so that the statute had not run, and the cause of action was not barred when the suit was begun.

The second error complained of relates to the conclusions of law of the court, and the judgment entered thereon. The contention in connection with this point is, that the pleadings disclose an action for the recovery of money, and that the court in its conclusions of law, and its judgment thereon, treated the case as an action to declare a trust and enforce the execution thereof. The petition might have been treated as a claim for the recovery of money, and we think it would have stated a cause of action as such, but it also contains many of the elements of a petition in an action to declare a trust and for the enforcement of the same. And the evidence shows that Tipton received the land warrants and money from Warner to locate land for the benefit of Warner. The following receipt is conclusive upon this point:

"Received of Isaac Warner land warrants as follows: Number 45311, containing 80 acres, and one containing 120 acres, numbered 94746, and one containing 120 acres, number 21375, and $180, to use in the location of land in Kansas territory for the use and benefit of said Isaac Warner; that, if said Isaac Warner is not suited with Tipton's choice of location, said Tipton agrees to pay said Warner 10 per cent. per annum at the end of one year, with principal.

"This July 20, 1859.          SAMUEL S. TIPTON."

This receipt is also made a part of the petition. The petition also alleges that in September, 1885, Warner called on Tipton, in Anderson county, Kansas, for the sole and express purpose of settling with him, Tipton, the matters in connection with and growing out of the land warrants and money Tipton had received from him, and that Warner then demanded deeds for the land located by Tipton with the warrants and money received by Tipton from him. The evidence supports this allegation of the petition. The petition is not, perhaps, as full and complete as it should be to constitute an action to declare and enforce a trust against Tipton, but as the evidence is sufficient to support such a cause of action, and also to sup-

port the judgment of the court, and as the petition might have been amended to conform to the evidence, this court will not reverse the judgment of the court below, but will consider the petition as having been amended to conform to the facts proved and the judgment of the court. (Civil Code, § 139; *Railroad Co. v. Caldwell*, 8 Kas. 244; *Yandle v. Crane*, 13 id. 344; *Bailey v. Bayne*, 20 id. 657; *Gas Co. v. Schliefer*, 22 id. 470; *Grandstaff v. Brown*, 23 id. 178; *Hummer v. Lamphear*, 32 id. 475; *Organ Co. v. Lasley*, 40 id. 521.)

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.