## CHARLES ZEININGER v. FRITZ SCHNITZLER.

1. PLEADING—*Variance.* No variance between the allegations in a pleading and the proof is material unless it has actually misled the adverse party to his prejudice.

2. PARTY WALL—*Competent Evidence.* Where the owner of a stone foundation and brick wall, which he alleges is built on the division line on certain lots in the city, brings an action to recover one-half of the cost thereof against the owner of the adjoining lot, who has permanently appropriated, in the construction of his own building, one-half of such foundation and wall, it is competent upon the trial to show that the defendant was present when the division line was designated by the city engineer, and made no objection to the construction of the foundation and wall while work was going on, and also that he agreed to pay one-half of the expenses of such foundation and wall when he should use the same.

### Motion for Rehearing.

THE facts appear in *Zeininger v. Schnitzler*, supra, and in the opinion herein, filed April 9, 1892.

*Edwin White Moore,* for the motion.

*Stanley & Hume,* contra.

*Per Curiam:* In 1885, Fritz Schnitzler was the owner of lot 18, on Market street, in the city of Wichita, in this state. Charles Zeininger was the owner of the adjoining lot, No. 16, on Market street. In the spring of 1885, Schnitzler built a stone foundation and brick wall, intending it to be upon the division line between lots 16 and 18. About two years afterward Charles Zeininger erected a brick building on his lot, 16, and in the construction of his building appropriated one-half of the foundation and brick wall built by Schnitzler. The petition which was filed by the plaintiff below alleged that he "was the owner of a certain stone foundation and brick wall on the division line between lots Nos. 16 and 18, on Market street, in the city of Wichita, being the south wall of the brick building located on said lot No. 18," and that "the defendant, Charles Zeininger, erected a certain brick building on said lot No. 16, and in the construction of said building used the south half of the stone foundation and brick wall built by the plaintiff as the north wall of the brick building erected on lot No. 16; that the defendant then and there permanently appropriated the south half of said wall to his own exclusive use as a part of said last-above-mentioned building." The defendant below filed an answer containing a general denial only. The city engineer testified that in measuring the lot of Schnitzler the latter was allowed about two feet on account of a surplus in the block; this surplus was given to Schnitzler because he told the city engineer he had bought it. It also appeared that Zeininger was present when the stakes were put down at the corners of the lots, and was frequently present during the construction of the foundation and wall.

Upon the motion for a rehearing, it was strenuously insisted that Schnitzler has been guilty of fraud in inducing the city engineer to allow him a greater part of the surplus of the block than he was entitled to, and therefore that, as the foundation

and brick wall were not built exactly upon the division line between lots 16 and 18, Schnitzler is not entitled to any judgment. It appears from the evidence that Zeininger acted in good faith. If the surplus had been distributed *pro rata* among the lots, and not added more to one lot than to another, the correct division line between lots 16 and 18 would be a little different from the one upon which the foundation and brick wall were erected; but no allegation of fraud was contained in the answer against Schnitzler in fixing the division line. Zeininger did not use the foundation and brick wall until one or two years after it was constructed. When the case was presented to this court, the only errors alleged were as follows:

"1st. The court erred in admitting evidence for the purpose of proving an estoppel.

"2d. Upon the findings of fact, the defendant was entitled to a judgment in his favor.

"3d. The court erred in refusing the instruction requested by the defendant.

"4th. That the defendant below was under no liability to the plaintiff, legally or equitably."

In the former opinion handed down, we ruled that the trial court committed no error in admitting evidence showing that Zeininger was present at the construction of the foundation and brick wall, and made no objection, and afterward used this wall in the construction of his own building. There was no error in admitting the evidence complained of. The findings of fact certainly sustain the judgment, because, if the foundation and wall were not built upon the correct division line, yet if, without any fraud, they were built upon the present location, with the consent or agreement of Zeininger, it is too late for him to make objection. It appears from the evidence that R. H. Brown, who was city engineer of Wichita in 1887, in July of that year made a survey of Zeininger's lot with reference to the north line of the same. At that time he found the foundation and brick wall to be upon Zeininger's lot — not upon Schnitzler's. Zeininger built upon the same

after this time, and therefore, with full knowledge of all the facts, he used the foundation and brick wall without objection or notice to Schnitzler of any trouble or mistake. Defendant below asked only one instruction. This was, that no verdict could be rendered for the plaintiff, unless the party wall was constructed upon the exact division line between lots 16 and 18. This is not the law, if the parties without fraud consented that any particular line should be designated as the division or party line. Such a line may be used as the division line, if the parties consent.

In view of what we have said, the third point presented is not tenable. It does not appear that Schnitzler acted secretly or intended to deceive Zeininger, or anyone else. He may have been mistaken about his right to buy any surplus, but if the so-called party wall was erected upon the wrong lot, publicly, openly, and without any deception or fraud, and thereafter Zeininger used the same as a party wall, this might have been shown under the petition without being such a variance from its allegations as to be prejudicial. It is probable, if in the answer of Zeininger fraud had been alleged against Schnitzler, and this had been established, Zeininger might have succeeded, but there is not anything in the case showing other than good faith. If by mistake Schnitzler erected a foundation and brick wall upon the lot of Zeininger, with the latter's consent, Schnitzler would have been entitled to remove the same to his own premises, when his attention was called thereto; but long after the party wall was erected, and at a time when Zeininger must or ought to have known all the facts in the case, he made use of and appropriated a part of it for himself.

The motion for a rehearing will be denied.