## MARY A. MULHALL v. JOSEPH L. MULHALL.

1. EVIDENCE— *Sufficiency of to Sustain Judgment.* Where there is positive testimony to support all of the material issues involved in the case, as tried in the district court, although the evidence may be very contradictory, the supreme court will not reverse the judgment of the district court on the ground that it is not sustained by sufficient evidence.

2. SAME—*Objection to Incompetent, Irrelevant and Immaterial, When Not Sustained.* Where an interrogatory is competent, relevant and material under any of the issues of the case, although the question is of a dual character and might also call for an answer for which there may be no foundation laid in the pleadings, a part of the question being calculated to elicit proof directly upon the issues made, no error is committed by the court below in overruling an objection to the question as incompetent, irrelevant and immaterial.

3. ISSUES—*Under Which Case Is Tried Below Considered As If Made by Amendment.* Where, on the trial of a case, one of the issues involved was upon a counter-claim, pleaded by the defendant in her answer, for money loaned the plaintiff, to which the plaintiff had replied by a general denial, and where it appears that in the trial of the case both plaintiff and defendant offer testimony upon the question as to whether or not the plaintiff had paid the counter-claim, which testimony was offered without any proper objection on either side, and where the trial court found on the issue in favor of the plaintiff, the case being one where the pleadings might properly have been amended, the supreme court, without determining the question

as to whether proof of payment is admissible under a general denial, will consider the case as if the issue had been properly made by amendment, if that be necessary.

*Error from the District Court of Logan County.*

Joseph L. Mulhall brought this action in the district court of Logan county to recover upon his petition in two counts, one for the sum of $130, and one for the sum of $593.50, a total sum of $723.50, with interest. On the trial by the court, without a jury, judgment was given the plaintiff in the sum of $593.50, with interest on that sum, as prayed for, from which defendant appeals.

*Huston & Huston*, for plaintiff in error.

*Keaton & Cotteral*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.: Plaintiff in error assigns two grounds for the reversal of the judgment of the court below, (1) that the judgment is not sustained by sufficient evidence; (2) that the court erred in permitting evidence, over objection, tending to show payment of defendant's counter-claim upon plaintiff's plea of general denial.

As to the first objection, the judgment is amply sustained by the evidence. Joseph Mulhall, the plaintiff, testified that in January, 1891, he furnished defendant the sum of $130; that this sum of money was expended in the purchase of feed for certain hogs, owned by the defendant and one Matthews; that on January 28, 1893, he gave to the plaintiff for safe keeping for him two drafts for the sum of $1,000 each, and $570 in money; that $1,500 of this money was paid for cattle, which Zack Mulhall, the husband of defendant, had purchased of one Tonk Smith, and that the balance of the money was invested in the pur-

chase, for the defendant, of hogs for shipment, and in feed for the hogs. He admitted the receipt from the defendant, at various times, of sums of money amounting in all to several hundred dollars, but claimed that the original sum of $130 and the balance of $593.50 of the second amount furnished to defendant, of $2,570, were still due. Defendant, as her defense, claimed that these various sums of money were invested by herself and plaintiff, as partners, in the stock business, and that the money had been lost in the business, and that she never received the money from the plaintiff as a loan; that the money had been entrusted to her by the plaintiff and had been invested in this business at his request. She also claimed an offset for money loaned the plaintiff in 1882, in the sum of $1,000. There was but little testimony of any importance in the case outside of that of the plaintiff and defendant. The defendent admitted the receipt of the money. She admitted the investment of it in her own name; that the business was carried on in her name; that the hogs and feed were bought in her name, were shipped to the commission house in Kansas City in her name, the bank account was kept in her name, and the checks and drafts drawn and received in her name, and there is scarcely anything in the case to support her claim excepting her own bare statement. This is not only contrary to the plaintiff's positive testimony, but is contrary to the appearances of the case, the surroundings and the manner of her dealing. She never rendered any accounts of these transactions to the plaintiff, and he never shared, or even claimed, any of the profits. It is true, she claimed that losses constantly and continually occurred instead of profits, so that there were no profits to share. But this, we think, is disproved by the plaintiff, who gave prices and figures to support his contention. The defendant having admitted the receipt of the money, and having shown an

investment of it in business in her own name, the burden of proof was upon her to show that the money was lost in partnership investments, by a preponderance of the evidence.   We not only think she did not sustain this burden, but even if, from the evidence, we might view the question otherwise, as there was positive evidence upon the question, and as the court below found in plaintiff's favor, this court will not reverse the finding of the court below made upon conflicting evidence.   ( *Wood v. Davis*, 12 Kan. 575; *Allison v. McClun*, 40 Kan. 525.)

Upon the question of the defendant's counter-claim, it appeared that during the year 1882 the defendant, who was the niece of the plaintiff, furnished the plaintiff the sum of $1,000; also that the wife of the plaintiff furnished Zack Mulhall, the husband of the defendant, at about the same time, the sum of $1,000.   The plaintiff testifies that, with the consent and approval of defendant, the $1,000 which he should have paid to the defendant was paid to the wife of the plaintiff in liquidation of the debt of Zack Mulhall.   The defendant denies that such settlement of this indebtedness was ever made, but she does admit that during all the years following and up to the time that plaintiff and defendant first had their differences, about April, 1893, she never made any request or demand for this money, or ever claimed that the defendant owed it to her.   In the light of such actions the plaintiff's testimony seems to us all the more plausible. The evidence being conflicting upon the question of this counter-claim, we cannot, for the reason above stated, disturb the finding of the court below.

If the statement of fact of the plaintiff in error, which is the basis for her second assignment of error, were true, a very serious question would arise as to whether reversible error had not been committed by the court below.   Her proposition of law that evi-

dence tending to show payment of a claim or indebtedness, the facts surrounding which are specifically set out in the pleading of the person asserting a right to recover the debt, is not admissible under a general denial, is supported by very high authority. We do not, however, pass upon the question here for the reason that we do not think the record makes it necessary, and therefore, it is unnecessary for us to pass upon the question. The only portion of the record upon which plaintiff in error contends this question arises, is contained in the following question, with the objections and the rulings thereto, which appears in the testimony of Joseph Mulhall, given upon rebuttal, to-wit: "Q. · You may state to the court what you know with reference to owing Mrs. Mulhall the thousand dollars claimed to have been borrowed in 1882. Objected as to incompetent, irrelevant and immaterial; which objection was by the court overruled; to which the defendant excepted." What error was there in this ruling of the court upon the objections presented to the question? It may be conceded that under this question the witness might naturally proceed to give evidence as to his payment of the alleged indebtedness, so as to show that, although he had become indebted, which he had denied in his pleading, he did not then owe the money, but this fact did not make the objection good, for the interrogatory was certainly directed as much to the inquiry as to whether or not the plaintiff had ever borrowed this money of the defendant, and as to whether or not the defendant had ever loaned him this money, as it was to the question as to whether or not he had paid the money. The issue was squarely raised by his general denial as to whether he had ever borrowed the money of defendant. She alleged he had. He denied that she had loaned him the money. It was, therefore, entirely proper for his counsel to ask

him a question which would tend to elicit proof to show that he never owed the money because he had never borrowed the money. If a question is competent, relevant and material in any phase of the case which the issues, made by the pleadings, have assumed, it is not subject to these objections because the question, or a branch of the question, may not be competent, relevant and material under some other issue of the case, or under some issue which the pleadings had not made. If it is competent, relevant and material for any purpose the question is not subject to such objection, and likewise, if any part is competent, relevant and material, it is also not subject to such objections, but the particular objection to the question must be pointed out, for the appellate court cannot say that the trial court erred in overruling objections which were untenable. In the case of *McGrew v. Armstrong*, 5 Kan. 284, it was held that no error was committed in the admission of evidence which was proper to be admitted under the general denial, although it was contradictory to matter which was set up as a special defence. This principle, in our judgment, is applicable to this case, and made the question entirely competent, relevant and material upon the issue made by the general denial. If the defendant had made an objection to the question on account of its dual character, then the court should have required the separation of the matters embraced in it so that the irrelevant portion could have been properly objected to, but this was not done; and not having done so, defendant waived her objection to the form of the question and addressed her opposition only to its merits, and upon the merits there was at least sufficent in the question to entitle the plaintiff to an answer in so far as it was relevant. That such a question, being asked of a party to the suit, and the person to whom Mrs. Mulhall had testified that she

loaned the money, when he had made an issue upon the question as to whether or not he ever borrowed the money, and therefore ever owed her the money, was competent, relevant and material, is so patent that it needs no discussion.   In fact, to discuss it would be to enter into an elucidation of the elementary principles of the law of evidence, to do which, the question presented would be no justification or excuse.   There is nothing so abstruse about the proposition as to require our entering into such a discussion,

These objections being overruled, the plaintiff then proceeded to testify, not only as to the loan being made to him by Mrs. Mulhall, but also to the fact that he had cancelled the debt by payment made to plaintiff's wife of a debt of the same amount as this, due from defendant's husband to plaintiff's wife, and which payment was made with the knowledge, consent and approval of the defendant.   To all of this testimony which the plaintiff proceeded to give with reference to payment, the defendant made no objection whatever, and if she desired to raise the question as to whether it was improper under the pleadings, she should have done so, either by proper objection to the question, or, as the question was, at least, partly competent and material, then by objection to this portion of the answer when the witness proceeded to give it.   Not only was no such objection made to the question, nor to the testimony as given by the witness, but no objection whatever was made to numerous interrogatories which followed upon this same question of payment.   It is one of the plain and, certainly, natural rules, that where no objection is made to the introduction of evidence, no material error is committed in permitting its introduction.' (*Grandstaff v. Brown*, 23 Kan. 176), and with the same force and fairness must, certainly, exist the kindred rule that where no proper

objection is made to the introduction of evidence, no material error is committed in permitting its introduction. We cannot say that the court committed any error in overruling the objections that were made to this question, and that is the only question that is raised upon this matter, either in the motion for a new trial or the brief of counsel. No objection was made in the court below to the court's considering this testimony after it had once been given without any proper objection, upon the issues as they were framed, and the evidence having been offered and judgment rendered without a proper objection being made. such objection, if it were good had it been made at the proper time, cannot be first made here at this time.

Without expressing any opinion upon the question discussed by counsel as to whether or not proof of payment may be made under a general denial, we simply hold that no error was committed in sustaining the objections made to the question asked. Besides this, in support of the propriety of the judgment below, it may be observed that the defendant herself entered into detail with reference to her claim that the plaintiff had borrowed of her, in 1882, the sum of $1,000, and she testified several times, in answer to questions asked by her counsel, that the plaintiff had never repaid this loan. It was perfectly natural, then, that as she had gone into the negative proof with reference to the matter of payment, that the plaintiff, on rebuttal, should be asked direct questions, not only whether or not he had ever contracted the debt, but, also, as to whether or not he had ever paid it; and the question having apparently been gone into on the proof by both parties as if the issue of payment, as well as the issue of original indebtedness, were properly raised by the pleadings, and it being a case in which, had the question been raised during the trial, the court could properly have permitted an amend-

ment so as to allege payment, this court will consider the case the same as if an amendment had been made, and will not reverse it because of the failure to make the amendment. (*Loper v. State*, 48 Kan. 540; *Tipton v. Warner*, 47 Kan. 606; *Organ Co. v. Lasley*, 40 Kan. 521; *Grandstaff v. Brown*, 23 Kan. 176; *Railroad Co. v. Caldwell*, 8 Kan. 244.)

There being no other questions presented, the judgment of the court below is affirmed.

Dale, C. J., not sitting; all the other Justices concurring.