OLIVER M. SCHEE v. E. H. SHORE *by J. M. Shore, his next friend.*

No. 250.

1. VARIANCE—*two defendants sued jointly, verdict against only one, not reversible error.* Where an action upon a contract for the sale and warranty of a horse was brought against two persons jointly, and the verdict upon the evidence was against only one, there is not such a variance between the pleading and the verdict as to require the setting aside of the verdict.

2. WARRANTY—*assuring purchaser horse is "sound as a dollar," is.* Where a person sells another a horse and assures the

purchaser that it is as "sound as a dollar," and the purchaser re-
lies upon such representation and makes the purchase, and it
develops that at the time of the sale the horse was diseased with
the glanders and afterwards had to be killed, the seller is respon-
sible to the buyer for the damage the buyer actually and neces-
sarily sustained by reason of said horse having been so diseased.

3. EVIDENCE AND INSTRUCTIONS—*examined and held not to con-
tain reversible error.* The objections made to the evidence re-
ceived and rejected, and the instructions to the jury given and
refused, were examined and found to contain no reversible error.

Error from Wyandotte Court of Common Pleas.
Hon. T. P. Anderson, Judge.   Opinion filed Novem-
ber 11, 1897.   *Affirmed.*

*George H. English,* for plaintiff in error.

*E. A. Enright* and *John A. Hale,* for defendant in
error.

WELLS, J.  This action was originally begun in the
District Court of Wyandotte County by the defend-
ant in error, as the plaintiff there, against the plain-
tiff in error and W. F. Watkins, as defendants below,
to recover one thousand dollars damages alleged to
have been sustained by the plaintiff by reason of the
defendants having sold him a horse diseased with
glanders.  Demurrers to the petition were confessed
and an amended petition filed, to which motions to
strike out were filed and overruled.  Answers were
duly filed and replied to.  Motions for a change of
venue were made by the defendants, and the case
transferred to the Court of Common Pleas of Wyan-
dotte County, where a trial was had to the court and
a jury.  A general verdict of the jury was returned
against the defendant Schee for three hundred dol-
lars, special questions submitted by each party an-
swered, and judgment rendered accordingly.  A
motion for a new trial was duly filed and overruled,

the plaintiff remitting $122 of said judgment. A motion in arrest of judgment was made and overruled, and the action brought here on a petition in error attached to a case-made, for review.

There are twenty-two allegations of error set up in plaintiff in error's brief, but as there is no reference to most of them in the argument, we shall consider in this opinion only such as are discussed, although we have carefully examined them all.

The first allegation of error urged in plaintiff in error's brief is in overruling defendant Schee's demurrer to plaintiff's evidence. This was properly overruled. The substance of the evidence of the contract of sale is, that the plaintiff Shore had heard that defendant Shee had a horse for sale and went to see him about it. Schee brought out the horse and showed him, and gave his price at $125. The plaintiff asked the witness Owens, who was present, what he thought of the price of the horse. Owens answered that, if the horse was sound and all right, he was worth what Shee asked for him. Schee then said he would guarantee the horse to be as "sound as a dollar," and particularly recommended his pulling qualities. After some further conversation, Schee proposed to take Shore's note for $115 for the horse, and it was agreed that, if Shore wanted him on these terms, he should send the note over and get the horse. Shore drew up a note for $110, gave it to his brother with five dollars in cash, and sent him over after the horse with instructions to first offer Schee the note, and, if he would not take that, to give him the balance in cash. The brother did as directed, gave Shee the note and cash, and brought home the horse. We think that this constituted a sale of the horse to the plaintiff, as alleged.

The next allegation of error discussed is in not dismissing the case as to Watkins, during the progress of the trial, so as to allow Watkins' wife to testify for Schee. Upon an examination of Mrs. Watkins' testimony, we find that she testified that all she knew in regard to the matters she was questioned about, other than the payment of twenty-five dollars, which was allowed to stand, was learned from the statements of her husband and his codefendant, and would not have been admissible from any witness.

Another question discussed is an alleged variance between the cause of action set up in the petition and the one proven, a joint contract being pleaded, and a separate sale by the defendant Schee proven. Section 133 of the Code provides that no variance between the pleadings and proof shall be deemed material unless it has actually misled the adverse party to his prejudice. Section 134 of the Code provides that where the variance is not material the court may direct the fact to be found according to the evidence, and order an immediate amendment without costs. Section 396 of the Code provides that judgment may be given for or against one or more of several defendants. In *Zeininger v. Schnitzler* (48 Kan. 66), the Supreme Court held that no variance is material unless it has actually misled the adverse party. In *Mo. Valley Rld. Co. v. Caldwell* (8 Kan. 244), the Supreme Court held that if an amendment ought to be allowed without costs, judgment will not be reversed. We do not think that the court below committed reversible error in this.

The next subject discussed is the admission of evidence of offers of sale and warranty to others than the plaintiff. We think that this evidence comes within the rule cited by the plaintiff in error (7 Am. & Eng.

140      SCHEE v. SHORE.

N. Dept.       Opinion.   Wells, J.       6 Kan. App.

Encyc. of Law, 61; 1 Greenleaf on Evidence, § 53) and was admissible.

The next argument is that the verdict was against the evidence, and it is claimed that the general verdict's being for $300, of which $122 was remitted by the plaintiff, is evidence of the prejudice of the jury, and requires a new trial. We do not think so. A careful examination of the whole record does not disclose to us any such prejudice as would warrant a reversal of the case.

The next objection argued is to the instructions given by the court. No attempt is made to comply with subdivision "b" of rule six of this court, and it is impossible to tell just what instructions are referred to. For instance, on page nine of his brief counsel for plaintiff in error discusses the second instruction, and his criticism has no application to instruction number two, as given by the court, but seems to be intended for number eleven. The next criticism is on the third instruction, but seems to apply to number twelve, etc. We have, however, carefully examined all the instructions given and find no reversible error in any of them.

The only remaining allegation of error discussed is the court's refusal to give instruction number two, as asked for. This instruction does not correctly state any proposition of law applicable to the case being tried, as it entirely ignores the apparent fact that, during the time referred to, the plaintiff, supposing the horse to be afflicted with some temporary malady, was endeavoring to cure it, and did not learn of its actual condition until afterwards. This instruction was properly refused.

We see no reversible error in this case. The judgment of the court below will be affirmed.