### THE WYANDOTTE AND KANSAS CITY GAS CO. v. LOUIS SCHLIEFER.

1. PRACTICE, *in Justice's Court.* In a bill of particulars in a justice's court no formal prayer for relief is required, and the plaintiff recovers in accordance with the facts stated therein.

2. —————— *Creditor, When Entitled to Interest.* An account showing the delivery of goods at a time stated, *prima facie* shows payment due at that time, and upon money due the creditor is entitled to recover interest.

3. —————— *No Error, When.* Where, upon an account set forth in the bill of particulars, the plaintiff is entitled to interest, and upon the trial before the justice, the defendant being present, the plaintiff recovers interest and the defendant appeals, and on the trial in the district court, both parties appearing, the district court instructs the jury to allow interest, and interest is allowed, *held,* that such instruction will not compel a reversal, although in the prayer attached to the account in the bill no claim is made for interest, but only for the principal.

*Error from Wyandotte District Court.*

AT the December Term, 1877, of the district court, *Schliefer,* as plaintiff, had judgment against the *Wyandotte and Kansas City Gas Co.,* as defendant, for $223.89, and for costs. The *Gas Company* brings the case here on error. The facts are sufficiently stated in the opinion.

*John A. Hale,* for plaintiff in error.

*H. L. Alden,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Two errors are alleged — first, in overruling an application for a continuance; and, second, in instructing the jury that they might allow interest. The continuance or postponement was asked on the ground of the absence of two witnesses, living out of the state, who had promised to attend when required. No attempt had been made to secure their depositions, though months had elapsed since the commencement of the action. They were stockholders in the de-

fendant corporation, and therefore personally interested in defeating the plaintiff's claim; and while they lived but a few miles away from the court-house, and only a brief post-ponement was asked, we cannot say that the court abused its discretion in refusing the postponement. There was no cer-tainty that the witnesses would be present, if the postpone-ment was granted. The court had no power to compel their attendance. No excuse was shown for their failure to fulfill their promise, and be present; and it may well have seemed to the court idle to give them another opportunity to disre-gard their promise, and still further delay the plaintiff in his effort to collect his claim.

The action was commenced before a justice of the peace. The bill of particulars contained an account, with items of debit and credit and dates thereof, and showed a balance due plaintiff of $208. Following the account was a state-ment that the plaintiff claimed judgment for $208 and costs. The summons bore an indorsement that if defendant failed to appear, judgment would be taken for $208 and in-terest from the return day of the summons. The defendant appeared and filed a bill of particulars. On the return day a trial was had, and judgment rendered in favor of the plain-tiff for $208 principal and $8.61 interest. Appeal was taken, and the case tried a second time. The court instructed the jury, if they found for the plaintiff, they should allow inter-est on the claim from the time it became due. This instruc-tion is said to be erroneous, because no interest was specifically claimed in the bill of particulars, and also because of the in-dorsement on the summons. With reference to the latter, we may briefly say that such indorsement operates as a limitation on the amount of the judgment only in case the defendant fails to appear. (Gen. Stat., p. 777, § 11.) Here the defend-ant appeared at the trial, and the rights of the parties rest upon the pleadings, and not upon the summons.

With reference to the bill of particulars, if the same rule obtained as in respect to pleadings in the district court, there could be no question. The time from which interest is

claimed must be stated. (Gen. Stat., p. 647, § 87; *Green v. Dunn,* 5 Kas. 254.) But the justices' act contains no such provision as in the section cited. The single provision concerning the bill of particulars is, that it "must state in a plain and direct manner the facts constituting the cause of action or the claim to be set off." (Gen. Stat., p. 791, § 72.)

No formal prayer is required, and the plaintiff recovers according to the facts stated. *Prima facie,* upon delivery of goods payment is due, and an account showing the delivery of goods at a stated time, *prima facie* shows the money due therefor at that time; and upon money due, the creditor is entitled to interest. (Laws 1871, p. 250, § 1.)

Upon the account, then, as stated in the bill of particulars, interest was properly recoverable. While the prayer would indicate an intention not to claim interest, yet the court might properly, the parties both being present, have permitted an amendment, by changing the prayer, or striking it out altogether; and as the plaintiff took judgment for interest in the justice's court, the defendant could not have been misled as to the plaintiff's intention to demand interest. Hence, though no formal amendment was made, we think that, as plaintiff was entitled to interest, and as the defendant was clearly notified of plaintiff's intention to claim interest, we may fairly treat the case as though an amendment was in fact made, and hold that no substantial rights of defendant have been prejudiced. (*M. V. Rld. Co. v. Caldwell,* 8 Kas. 244.)

No other question being presented, the judgment will be affirmed.

All the Justices concurring.