The opinion of the court was delivered by
Valentine, J.:
This was an action brought by the Chicago Lumber company against the firm of Short & Coats and F. W. Sturges, to recover for building materials sold by the plaintiffs to the defendants Short & Coats, and used in the construction of a building belonging to the other defendant, F. W. Sturges; and also to foreclose a mechanics’ lien. Judg *236 ment was rendered in favor of the plaintiffs and against the defendants, and the defendant F. W. Sturges, as plaintiff in error, now brings the case to this court.
The jury before whom the case was tried, found among other things that the building (in the construction of which said building material was used) was completed “on or about the 5th day of April, 1879.” The plaintiffs’ mechanics’ lien was filed on the 18th day of April, of that year.' The jury also found, as facts, that the building material was used in the construction of the building under a contract between Sturges and Short & Coats; that the plaintiffs furnished the building material to Short & Coats, .with the knowledge that it was to be so used; and that the plaintiffs did not furnish the building material upon the)general account or credit of Short & Coats.
finding susThe plaintiff in error claims that the finding of the jury that the building was completed “on or about the 5th day of April, 1879,” is so indefinite as to be a nullity in law, and that it is not sustained by the evidence. This position of the plaintiff in error, we think, is not tenable. We think the nnding is sufficient, and founded upon sufficient evidence. Even if the building had been completed as many as forty-seven days earlier or as many as thirteen days later than the 5th day of April, 1879, still, the mechanics’ lien, filed, as it was, on the 18th day of April, 1879, would be valid; and the evidence, as we think, shows that the building was completed (so far as the contract upon which this building material was furnished was concerned) on or about the 5th day of April, 1879. There was some confusion with regard to the evidence upon this subject; and it is possible that the building may have been completed much earlier or much later than the 5th day of April, 1879, but we cannot say from the evidence that it was; and therefore we cannot say that the finding was not sustained by sufficient evidence. Indeed, we think there was sufficient evidence to sustain the finding.
*237 2. Lien; contract. *236 The plaintiff in error also claims that the finding of the *237 iury that the plaintiff knew that the building material was to be used in the construction of Sturges’s building, and the other findings of like character, are not sufficient to sustain the judgment. He claims that, in order to enable the plaintiffs to procure a mechanics’ lien, the building material should have been sold under a contract or agreement, or understanding that the material should be used in the construction of the building. This claim is probably correct; but we think the building material was sold under at least an implied contract or agreement, and under an express understanding that it was to be used in the construe-. tion of the Sturges building; and this is certainly sufficient, and all that should be demanded. The evidence shows that when the building material was purchased by Short & Coats, they told the parties selling the same that it was to be used in the construction of the Sturges building, at Scandia; and the parties selling the building material sold the same with that understanding and for that purpose. We think that the findings of the jury should have been more definite, and should have left less for construction and interpretation; but still we think they are sufficient to sustain the judgment rendered upon them.
n. interest, from what date. The defendants in error, the Chicago Lumber company, have filed in this court a cross-petition in error, claiming that the court below erred in refusing to render judgment in their favor and against the defendants below for interest, found by the jury to be due on their claim for the said building material; and it seems to us that in this respect the court below did err.. The jury found that there was due on the claim for building material, $381 as principal and $40.80 as interest; and calculated the interest from the date of the last item of building material furnished by the plaintiffs below to the defendants Short & Coats; and it seems to us that this was correct. The plaintiffs claimed interest in their petition ; and the evidence seems to show that they were entitled to it. The evidence seems to show that the debt for the building material was due just as *238 soon as the building material was delivered by the plaintiffs to Short & Coats; and if so, the plaintiffs were entitled to interest from that time. (Comp. Laws 1879, p. 509; Gas Co. v. Schliefer, 22 Kas. 468.)
The judgment of the court below will be modified, by increasing it so as to include the interest found to be due by the jury.
All the Justices concurring.