THE KANSAS CITY, FORT SCOTT & GULF RAILROAD CO.
v. HARRISON HAYS.

1. BILL OF PARTICULARS, *Properly Amended.* The plaintiff commenced an action before a justice of the peace, against the defendant, a railroad company, to recover forty-five dollars, the value of a cow owned by him, and alleged to have been fatally injured by the engine and cars of the defendant. The bill of particulars stated a cause of action at common law, for the negligent killing of the cow, and also attempted to state a cause of action under the statute. (Laws 1874, ch. 94; Comp. Laws 1879, pp. 784, 785.) But it failed to state a cause of action under the statute, for the reason, and for such reason only, that it did not state that the railroad company's road was not inclosed with a lawful fence. After judgment in the justice's court, and after an appeal to the district court, the district court permitted the plaintiff to so amend his bill of particulars as to state a cause of action under the statute. *Held,* Not error.

2. ———— The evidence and the facts of the case discussed; and *held,* upon such evidence and facts, the supreme court cannot say that the district court committed material or substantial error.

*Error from Wyandotte District Court.*

AT the July Term, 1882, of the district court, plaintiff *Hays* had judgment against the defendant *Railroad Company,* which brings the case here. The facts are stated in the opinion.

*Pratt, Brumback & Ferrey,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: In August, 1880, the defendant in error brought a suit before a justice of the peace in Wyandotte county, against the plaintiff in error, to recover $45, the value of a cow owned by him, and which was alleged to have been fatally injured by the engine and cars of the plaintiff in error. The bill of particulars filed by the plaintiff below, defendant in error, with the justice, stated a cause of action at common law for the *negligent* killing of the cow, and also attempted to state a cause of action under the statute. (Laws of 1874, ch. 94; Comp. Laws 1879, pp. 784, 785.) But it failed to

13—29 KAS.

state a cause of action under the statute, for the reason, and for such reason only, that it did not state that the railroad company's road was not inclosed with a lawful fence. A judgment was rendered in favor of the plaintiff in the justice's court for $45, and $10 attorney's fee. The case was then appealed to the district court, where the plaintiff below filed an amended bill of particulars, alleging a cause of action *under the statute,* which amended bill was twice afterward amended by interlineation. The trial in the district court resulted in a verdict and judgment for the plaintiff for $45 and $30 attorney's fee, from which judgment the defendant now appeals, by bringing petition in error to this court.

I. The plaintiff in error, defendant below, claims that the district court erred in overruling its motion to strike out the amended bill of particulars. We think the amendment was allowable, and therefore that the district court did not err.

II. There was no evidence offered at the trial to sustain the allegation of negligence, other than that arising from the want of a fence; and therefore the question to be determined is, whether upon the pleadings and proof, the plaintiff established a cause of action under the stock law or fence law. The plaintiff in error (defendant below) claims that the only competent testimony offered upon the subject, clearly showed that the place where the animal was struck and injured was within the corporate limits of the city of Rosedale. We do not think that this claim is correct. It is true that the recorded plat of the city was produced in court by W. H. Bridgens, the register of deeds, who testified that the point where the cow was killed was within the corporate limits of the city. But the register may have been mistaken, first, as to where the cow was killed, and second, as to where the town line was actually located upon the ground. There was plenty of other competent evidence that tended to show that the cow was killed outside of the city limits; but suppose that she was killed within the city limits, still there is nothing that conclusively shows that she was killed at a point

where the railroad company was not bound to fence its track. (*U. P. Rly. Co. v. Dyche*, 28 Kas. 200.)

The plaintiff in error (defendant below) also claims that the railroad company is not liable in this action, for the further reason that the animal was killed within the depot grounds and switching yards of the railroad company at Rosedale: this was not so shown by the evidence, but rather the reverse. There was no depot anywhere near where the cow was killed, but the evidence tends to show that the cow was killed where the railroad track passes over a tract of land belonging to a private individual. There were four or five tracks at the rolling mills, and two, and perhaps more, where the cow was killed. One of these tracks was the main track used by the railroad company, and the other tracks were used for the accommodation of the rolling-mill company. Occasionally, however, the railroad company would unload freight for others besides the rolling-mill company, upon one of these switch tracks; but this seldom happened. It is probable, also, that the railroad company occasionally used these additional tracks for switching; but the fact that they sometimes used them for switching, would not prevent or exempt the company from fencing them in. Indeed, it would seem that they should be fenced in, if they were some distance from any public place, and were used only for the purpose of switching. Therefore this claim, like the others, is not tenable, for, as before stated, the place where the cow was killed was not a portion of the depot grounds, and even if it was used for switching, that did not prevent the company from fencing the same.

We do not think that the court below committed any material error, and therefore its judgment will be affirmed.

All the Justices concurring.