Bogle v. Gordon.

A. C. BOGLE v. JOHN C. GORDON.

1. PUBLICATION—*Sufficient Affidavit.* An affidavit for publication, which states "that the defendant has property within this state sought to be taken by attachment in this action, a provisional remedy," is sufficient to bring it within the provisions of § 72 of the civil code. It is not necessary that such affidavit should state that a cause of action exists against defendant. (*Gillespie v. Thomas*, 23 Kas. 138.)

2. —————— *Sufficient Affidavit.* An affidavit for publication, which is made some time after the petition is filed, and which states that the defendant *resides* out of the state and *is* a non-resident thereof, is sufficient.

3. PETITION; *Amendment; Nature of Action, Not Changed.* A petition on a contract for money had and received, may be amended by stating that "defendant wrongfully, knowingly, fraudulently and unlawfully appropriated and converted the money to his own use," without changing the nature of the action, when it is evident that the amended petition is concerning the same transaction set forth in the original one.

4. ACTION FOR MONEY—*Demand, When not Necessary.* In an action for money collected, the failure to make demand for same before the action is brought will not prevent a recovery when it is established that the defendant, before the commencement of the action, concealed the collection and denied the receiving of the money, and afterward in his answer admitted that he had collected the full amount, claimed that he was entitled to it as his own, and denied the plaintiff's right to it.

*Error from Allen District Court.*

ACTION by *Gordon* against *Bogle*, to recover money. Trial at the March term, 1886, and judgment for the plaintiff for $97.50 and costs. The defendant brings the case to this court. The opinion states the facts.

*H. A. Ewing*, for plaintiff in error.

*Knight & Foust*, for defendant in error.

Opinion by HOLT, C.: On February 20, 1883, A. C. Bogle and J. C. Gordon, two young attorneys at Iola, Kansas, formed a copartnership, which was dissolved by mutual consent in October of the same year. At the time of the dissolution, two cases against the St. Louis, Ft. Scott & Wichita Railroad Company, for damages, were undisposed of; all other business of the firm was settled. A. C. Bogle afterward obtained fees to the amount of $200 for services in these cases, and then left Kansas for Mississippi. J. C. Gordon brought this action to recover one-half of the amount of the fees collected, and on February 9th, 1885, attached some personal property of defendant in Allen county. A summons was issued, which was returned without personal service. In April following, the plaintiff made the following affidavit for publication:

"STATE OF KANSAS, COUNTY OF ALLEN, ss.—John C. Gordon, the plaintiff herein, being duly sworn, says: That A. C. Bogle, the defendant in the above-entitled action, resides out of the state of Kansas and is a non-resident thereof; further says, service of a summons cannot be made on him within the state of Kansas, and that defendant has property within this state sought to be taken by attachment in this action, a provisional remedy."

The defendant appeared specially to set aside the service. He claims that the affidavit does not show that the case is one of those mentioned in § 72 of the civil code. We think it does. That section provides that publication may be made in actions against non-residents of the state, having in this state property or debts owing them sought to be taken by any of

the provisional remedies. Attachment is one of the provisional remedies, and the affidavit follows almost exactly the words of the statute. It is not necessary that the affidavit should state that a cause of action exists against the defendant, as is required by the statutes of some of the states. (*Gillespie v. Thomas,* 23 Kas. 138.)

The defendant makes another objection to the affidavit: that it does not relate back to the commencement of the action. We do not think that is essential. If service was not made at the time the petition was filed, and is made afterward when the facts authorize such an affidavit, it is sufficient to state the parties are non-residents of the state at the time the affidavit for publication was made.

The original petition filed in this action was very crude and defective, and afterward several amended petitions were filed. The defendant claims that the petition upon which this case was tried was so unlike the original, that it is not an amended one. To understand his objection, it will be necessary to state more at length the facts upon which this cause arose. There was no question of the partnership; of the dissolution; the collection of the $200, and that two cases were undisposed of; but there is a wide difference in the testimony of the parties concerning the agreement about the fees in these cases. The defendant claims that he was to prosecute them or compromise them, and was to have whatever he collected as fees for his services; Gordon contends that the fees to be collected were to be divided equally between them. The first petition states that defendant was owing the plaintiff the sum of $100, money collected by the defendant for the plaintiff, which the said defendant refused to pay over to plaintiff; it was money collected for fees in the two cases.

The petition on which the action was tried stated more, at length the formation of the partnership, the dissolution, and the agreement concerning the fees; that they were collected by defendant without the knowledge of plaintiff; that defendant concealed the fact of the collection from plaintiff, and represented that no fees had been collected, and then the plain-

tiff charged him with having received this money and "wrong-fully, knowingly, fraudulently and unlawfully appropriated and converted the whole of said money collected and received by him as aforesaid, to his own use and benefit." The contention of the defendant is, that the first cause of action is on a contract, and the second in tort. We are unwilling to concede this. The words "converted the whole of said money collected and received by him as aforesaid, to his own use and benefit," are usually employed in petitions in tort; still they may be used as terms of aggravation in an action upon a contract, and can be regarded as useless verbiage. (*Whereatt v. Ellis*, [Wis.,] 17 N. W. Rep. 301.) It is plain by comparing the crude and defective petition first filed, and the more formal one on which the parties went to trial, that they relate to the same transaction.

The only other ground of complaint we shall notice is, the alleged error in the instructions. It appears that no demand had ever been made by plaintiff upon defendant. Such a demand is usually necessary in an action to recover money, but the plaintiff excuses himself for want of demand by stating that he did not know that the money had been collected until after defendant had left the state; that he concealed the fact of the collection, and for that reason it was not necessary to make the demand. The defendant in his answer denied generally, and also averred that all other matters of the partnership had been settled, and that the fees which came from these cases were to be his own. The testimony abundantly shows that he concealed the fact of the collection from the plaintiff, and under the testimony tending to establish that fact, the court, among other instructions, in substance directed the jury: If the defendant falsely and fraudulently denied receiving said money, and deceitfully concealed the fact of his collecting said fees, and knowingly, wrongfully and fraudulently appropriated said sums to his own use, and after he had received it all, claimed all the moneys received as his own and denied plaintiff's right to the same, then in that event the plaintiff would not be required to make demand upon defendant for his share

of the moneys so collected; and his failure to do so will not prevent him from recovering should the testimony establish the facts as above set forth. (*Raper v. Harrison*, 37 Kas. 243.) The mere statement of the instruction given is of itself sufficient to support it. The instruction is very clearly drawn, and very plainly and accurately lays down the law. If he had at all times claimed the money, it would have been an idle thing to have demanded of the defendant what he claimed to be his own. We find no errors in the record, and recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.