EPHRAIM H. SANFORD v. HENRY M. WEEKS *et al.*

1. QUIETING TITLE — *Petition* — *Waiver of Defects.* The cases of *Mitchell v. Milhoan*, 11 Kas. 617; *Campbell v. Coonradt*, 22 id. 704, and *Entreken v. Howard*, 16 id. 551, followed.

2. ———— The case of *Douglass v. Nuzum*, 16 Kas. 515, distinguished.

### Motion for Rehearing.

ACTION brought by *Weeks* and another, against *Sanford*, to quiet their title to certain land in Wabaunsee county. Trial by the court at the August term, 1885, in said county, and judgment for the plaintiffs as prayed for in their petition. The defendant *Sanford* brought the case to this court, where the judgment of the district court was affirmed at the January session, 1888, (38 Kas. 319, *et seq.*, wherein the facts are stated.) On February 29, 1888, the plaintiff in error filed a motion for a rehearing, which the court overruled at its session in July, 1888, and then filed the opinion, *infra.*

*E. H. Sanford*, plaintiff in error, for himself.

*Geo. G. Cornell*, and *A. H. Case*, for defendants in error.

*Per Curiam:* When this case was called for trial, the defendant, E. H. Sanford, objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action; which objection the court overruled. The defendant excepted. This matter is now forcibly presented upon the motion for a rehearing. The petition to quiet title was filed under § 594 of the civil code, which reads:

"An action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate, or interest therein, adverse to him, for the purpose of determining such adverse estate or interest."

Sanford demurred to the petition, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, but no exceptions were taken,

and the defendant did not stand upon the demurrer. Subsequently the defendant filed an amended answer admitting plaintiffs' possession of the premises in dispute under a deed executed by Sarah E. Bartholomew to the plaintiffs, of the date of September 27, 1880; but set forth a prior written agreement to convey the premises by Sarah E. Bartholomew to E. H. Sanford, of the date of December 8, 1879. Sanford claimed an equitable interest in the premises; and also alleged in his answer that the plaintiffs had actual notice prior to their purchase of his written agreement to purchase, and of his equitable interest in the premises. To this answer the plaintiffs filed a reply, denying the allegations therein contained. This reply was duly verified.

Considering all of the pleadings in the case, we are not called upon to decide whether in a petition under said § 594 of the code it is necessary to set out the nature of the defendant's claim, and the grounds of its invalidity. Had the defendant stood upon his demurrer, or taken exceptions to the overruling of the same, this question would be fairly presented for our determination. The defects, if any there were in the petition, were cured by the subsequent pleadings. (*Irwin v. Paulett*, 1 Kas. 418, 424; *Barrett v. Butler*, 5 id. 355; *Mitchell v. Milhoan*, 11 id. 617, 626; *Campbell v. Coonradt*, 22 id. 704; *Clay v. Hildebrand*, 34 id. 695, 703, 704. See also *Entreken v. Howard*, 16 Kas. 551.) Counsel cite in opposition to this view, as decisive, *Douglass v. Nuzum*, 16 Kas. 515. It must be borne in mind that the action of *Douglass v. Nuzum* was not under the statute, and in that case the answer set up full title in the defendant. Here the action was under § 594 of the code, and the allegations of the answer are an equitable interest by Sanford in the premises, with notice thereof to the plaintiffs. Section 140 of the code provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The evidence in the case clearly showed the execution of the written agreement between Sarah E. Bartholomew and E. H. Sanford, of December 8, 1879, but that agreement was not acknowledged or certified as prescribed by the statute. The trial court specially found that neither Henry M. nor Joel P. Weeks had any actual or constructive notice before their purchase, of the interest that E. H. Sanford claimed therein. The whole matter of possession and title between the parties was fully litigated upon the trial; and construing all the pleadings together, the judgment must necessarily be conclusive of the controversy.

In the original motion filed in the case, (38 Kas. 323,) the parties were improperly transposed, and the opinion will be corrected so as to read: "This was an action brought by Henry M. and Joel P. Weeks against Ephraim H. Sanford."

The motion for rehearing will be overruled.