ZACHARIAH MULHALL V. JOSEPH. L. MULHALL.

1. PLEADINGS — *Amendments — Variance.*   Where the plaintiff sued
the defendant for money loaned, and the defendant answered by a
general denial, and also by special plea that the money had been
invested in cattle in which plaintiff and defendant were partners, and
in which they had both invested certain amounts of money, and that
the cattle still remained undisposed of, and where the plaintiff
replied by general denial, and a trial was had by the court, and
neither the evidence nor the rulings upon any of the questions occur-
ing on the trial are saved. but the record is brought to this court on
a transcript of the pleadings and the special findings and conclusions
of the court, showing that the court found that the $1,500 was
invested in a partnership interest in the cattle, but afterwards the
defendant agreed to take the plaintiff's interest in the cattle and to
pay him back the said sum of $1 500, and the court rendered judg-
ment for the amount sued for in favor of plaintiff, *held*, that the case
is one in which the pleadings could have been amended to correspond
to the proof, and that, no objection appearing to have been made
until after judgment, this court will consider the case as if proper
amendments had been made, and there was not a fatal variance.

2. TRIAL—*Presumption of Regularity.*   Where the evidence and the
record of the proceedings occurring on the trial of the cause are not
brought to this court. but only the pleadings, finding and conclusions
of the court and the motions made after judgment. the presumption
is that all of the proceedings of the court are regular, and that the
pleadings were treated by the parties as amended where the case is
one where an amendment may be allowed.

3. CONTRACT — *Sufficiency of Consideration.*   A partnership interest
in certain cattle in which a party had invested $1,500, and in which
it appeared at the time of the contract that the business would be
unprofitable and losses might occur, and where there is no claim
of fraud or deceit, is sufficient consideration for a promise to pay
$1,500 for such partnership interest in the cattle.

*Error from the District Court of Logan County.*

*Huston & Huston,* for plaintiff in error.

*Keaton & Cotteral,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.: This action was brought in the court below by Joseph L. Mulhall against Zachariah Mulhall under the 1893 Code of Civil Procedure, which is the Kansas code, adopted into this territory, to recover from the defendant the sum of $1,500, with interest, in which amount the plaintiff alleged the defendant was indebted to him for money loaned by plaintiff to the defendant on the 16th day of February, 1893, and which the plaintiff alleged was due and unpaid. The defendant filed his answer in two paragraphs: (1) a general denial, and (2) a special defense in which the defendant alleged that on the 16th day of February, 1893, plaintiff and defendant entered into a contract of partnership whereby it was agreed that they would enter into the cattle business and would purchase a large number of cattle to feed; that they arranged with one Samuel Lazarus to procure three hundred and sixty-five head of cattle; that plaintiff placed in said business $1,500 (the $1,500 for which he sued the defendant) and that the defendant placed in said business $500, and Samuel Lazarus $11,575; that said cattle were to be sold and Lazarus to receive his said investment with interest thereon, after which plaintiff and defendant were to receive their respective investments, and if anything then remained it was to be divided as profits; that the cattle were to remain the cattle of the said Lazarus until his money was received therefrom as agreed; that the said Lazarus has sold and disposed of a portion of said cattle, but not sufficient to pay his interest therein, and that said partnership business still remains undisposed of; and that plaintiff and defendant have had no settlement, and cannot make any settlement until the cattle are disposed of. To this answer plaintiff filed a general denial. A trial was had by the court, a jury being waived. Upon the trial the court made the following

findings of fact and conclusions of law, and rendered judgment thereon as follows, to-wit: ''The court having heard the evidence and being fully and sufficiently advised in the premises, finds the following facts: (1) That on or about the 16th day of February, 1893, the plaintiff and defendant entered into an agreement for the purpose of buying and feeding a bunch of cattle to be purchased of one Tonk Smith, and such cattle were so purchased, under an implied agreement of partnership. (2) That in pursuance of said agreement plaintiff put in the sum of fifteen hundred dollars and the defendant the sum of five hundred dollars and paid the same to the said Tonk Smith as the first payment on said cattle. (3) That afterwards, in order to obtain the balance of the purchase price of said cattle the defendant had a bill of sale for said cattle executed and delivered by the said Tonk Smith to one Samuel Lazarus, said plaintiff not objecting. (4) That afterwards it appeared that the said cattle deal entered into by said parties would not be profitable and might result in loss. (5) That after it appeared that said cattle deal might not prove profitable the said defendant, Zack Mulhall, voluntarily released the said plaintiff, Joseph Mulhall, from said agreement and assumed the risk of loss and accepted of whatever of profit there might result from the enterprise and agreed to pay the plaintiff the sum of $1,500.

And thereupon, the court finds the following conclusions of law :

'' 1. That the plaintiff was released from liability as a partner.

'' 2. That the defendant is liable to the plaintiff for the said sum of fifteen hundred dollars ($1500.00) put into said partnership by the said plaintiff.

'' It is, therefore, considered, ordered and adjudged by the court, that the plaintiff recover judgment against defendant in the sum of fifteen hundred hun-

dred dollars ($1500.00) with interest thereon, at the rate of seven per cent. per annum and the costs of suit, to which judgment and conclusions of law the defendant excepts."

After the judgment was rendered, the defendant moved for judgment in his favor on the findings of the court, and also for a new trial, both of which motions were overruled and an exception allowed. From this judgment the defendant appeals and relies upon two propositions for a reversal of the judgment: First, that there was a fatal variance between the cause of action stated in plaintiffs petition and the cause of action upon which he recovered. Second, that there was no consideration to support the defendant's agreement to repay the plaintiff his $1500.00 for which plaintiff recovered.

The first is the principal question involved in the case, and one that has caused us to spend considerable time and much effort in an investigation of the decisions upon this question, and in which we have been aided but little by the briefs of counsel, for counsel for plaintiff in error only cites decisions from other states where the codes are not shown to be the same as ours, nor the construction similar to that of the state from whence we have borrowed our statute, nor does he cite cases which were tried the same as the one at bar must be presumed, from the record before us, to have been, and this, in matters of practice, is vital in the consideration of a case as a precedent, for how can a decision on a question of practice be in point unless the questions arose in a similar manner in the cited and in the disputed case, when the manner of the trial, or the mode of appeal, may waive or fail to present the very question at issue? The brief of defendant in error contains only the earlier, and none of the later, decisions on the point in controversy. The question must be determined, not from the provisions

of the codes generally, with the decisions of other states thereon, but from the provisions of our code with the decisions of the Kansas supreme court thereon, for our legislature has adopted the Kansas Code of Procedure, and the Kansas decisions must control upon the question. The sections of the code bearing upon the question are as follows:

"(4011) SEC. 133. No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it have actually mislead the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so mislead, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been mislead, and thereupon the court may order the pleading to be amended, upon such terms as may be just.

"(4012) SEC. 134. When the variance is not material, as provided in the last section, the court may direct the fact to be found, according to the evidence, and may order an immediate amendment without cost.

"(4013) SEC. 135. When, however, the allegation of the claim or defense, to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the last two sections, but a failure of proof.

"(4017) SEC. 139. The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

Now, it will be observed by § 133 that no variance between the allegations of the pleadings and the

proof is to be deemed material unless the adverse party has been actually misled to his prejudice in maintaining his action or defense upon the merits, and that when a party is misled by such a variance, it is incumbent upon him to show to the court that he has been misled, and that then the court may allow an amendment upon terms. By § 135 it is provided that it is not a case of variance when the allegation of the claim or defense, to which the proof is directed, is unproved, not in some particular, but in its general scope and meaning, but it is then a failure of proof. The evidence adduced on the trial is not in the record and is not before the court. We have nothing but the pleadings, the findings and conclusions of the court, the judgment in the case and the motions for judgment on the findings and for a new trial, before us. We have heretofore held that the presumptions of law are all in favor of the correctness of the judgment of the court below. (*Gardenhire v. Gardenhire*, 2 Okla. Rep. 484; 37 Pac. 813.) So, too, the presumptions are in favor of the correctness of all of the proceedings and rulings of the court below, and error cannot be presumed, but must be affirmatively shown. (*Lucas v. Sturr*, 21 Kan. 482.)

The evidence taken upon the trial, and the rulings thereon, not being brought into the record, we must presume that the evidence which was offered upon the trial was offered without any objection thereto, and that it was such as would support the findings of fact which the court has made. We must presume, therefore that the disputes between the plaintiff and defendant, involving the defendant's liability to plaintiff for this $1,500 were fully gone into upon the merits, and that, although the plaintiff had made no amendment to his petition alleging that after this $1,500 had been invested in cattle the defendant agreed to repay him the amount of this investment and take the plaintiff's

interest in the cattle, the proof was directed to this allegation as well as to the plaintiff's allegation that he had loaned this money to the defendant in the first instance on February 16, 1893, and that no question was raised on account of the defect in the pleadings. The money involved in the controversy was evidently but the one sum. It is stated to be $1,500 in plaintiff's petition and as having been loaned to the defendant on the 16th day of February, 1893. It is stated in defendant's answer as being $1,500 and as having been invested in cattle on the 16th day of February, 1893. The prayer of the plaintiff's petition was for the recovery of the sum of $1,500 with interest thereon, and the finding of the court is that this identical sum of money in dispute was invested in cattle on the 16th day of February, 1893, and a contract was subsequently made for the repayment of this same sum by defendant to plaintiff, and that it all grew out of the original transaction entered into by the parties on the 16th day of February, 1893. The merit of the matter laid in the question as to whether defendant owed the plaintiff the sum of $1,500, and it is but fair to presume, in the absence of the evidence, that the facts of these parties' dealings were fully inquired into on the trial, and that the proof was freely and willingly directed by both parties to the question as to whether or not the plaintiff was entitled to receive from the defendant the sum of $1,500 on account of the business transactions which they had had concerning this $1,500. It is but fair to presume that the defendant's position on the trial was that this same money was still invested in the business, and that he had not agreed to pay the plaintiff this money, and that the plaintiff should not be repaid, until the cattle were sold; and it is only fair to presume that the plaintiff claimed that the defendant had agreed at some time prior to the bringing of the action to assume the plain-

tiff's interest in these cattle which had arisen by virtue of his advancement of this particular $1,500, and agreed to pay that sum to the plaintiff. It will be observed that the case in which a total failure of proof exists is one in which "the allegation of the claim or defense, to which the proof is directed, is unproved," and it is claimed by counsel for plaintiff in error that the proof was directed to the allegation of a loan, as charged in plaintiff's petition, and that the plaintiff failed in this proof.

It is true that the pleadings are the written allegations of the claim and defense of the parties, and that it is a fair presumption that the proof offered corresponded to the allegations in the pleadings, but it is just as fair a presumption that all of the findings of the court are supported by proof properly offered and admitted, and these findings would then show, and there is nothing in the record to dispute it, that evidence was offered, without objection, upon all the matters which they determine, and it is for plaintiff in error to overthrow their correctness, or the judgment founded thereon must stand. The language of this § 135, of the Code of Procedure, does not say that allegations of the pleadings must be proved or else there is a failure of proof, but it is that the allegations of the claim or defense to which the proof is directed must be supported by the evidence. It matters not how informal or inaccurate the pleadings may be, if they pray the judgment which is rendered, and if the proof supports the claim or defense to which it is directed, then there is no fatal variance; and, as before suggested, we must presume that the findings of the court are on the same questions as the ones to which the proof was directed, and that the parties considered the pleadings as sufficient for the proof; and the parties having considered the case in this manner on the trial, should the supreme court now consider the

pleadings as having been amended, or must the case be reversed because an amendment was not made? This question, of course, involves the primary proposition as to whether or not, in a case of this character, the pleadings could be amended at all so as to change the allegation, as to the nature of the transaction, from which the indebtedness arose, from one of the loan of a particular amount of money, to a contract to return the particular sum of money after having invested it in this property. But we will consider the former question first, for if the supreme court could not consider the amendment as having been made when it was not actually made, then, of course, we would have to reverse the judgment of the court below. There is a long and entirely harmonious line of Kansas decisions upon this question, and they leave no doubt as to what the rule in such cases is. In the case of *The Missouri Valley Railroad Co. v. Caldwell*, 8 Kan. 244. the court held: "Though there be a variance between the allegations of a petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance." In *Mitchell v. Milhoan*, 11 Kan. 617, it was held: "Where the judgment substantially follows the prayer of the petition, and where the variance between the judgment and the prayer of the petition is so slight that the plaintiff would be allowed to amend the prayer of his petition at any time without costs, the judgment will not be reversed for said variance." In *Pape v. Capitol Bank*, 20 Kan. 440, the supreme court of Kansas said: "If any amendment were necessary, it will be considered as made by this court."

In *Gas Co. v. Schliefer*, 22 Kan. 468, it is said: "Hence, though no formal amendment was made, we think that, as plaintiff was entitled to interest, and as

the defendant was clearly notified of plaintiff's intention to claim interest, we may fairly treat the case as though an amendment was in fact made, and hold that no substantial rights of defendant have been prejudiced." In *Grandstaff v. Brown*, 23 Kan. 176, it is stated: "If some of the allegations of the petition might be considered as slightly defective, still the petition may now be considered as amended so as to make its allegations correspond to the facts proved." In the case of *Hummer v. Lamphear*, 32 Kan. 439, this language is used: "If, however, there was any variance between the prayer of the petition and the judgment rendered, the petition could have been amended, and the judgment will not be reversed on account of such variance." In *Tipton v. Warner*, 47 Kan. 606, the court states the rule thus: "The petition is not, perhaps, as full and complete as it should be to constitute an action to declare and enforce a trust against Tipton, but as the evidence is sufficient to support such a cause of action, and also to support the judgment of the court, and as the petition might have been amended to conform to the evidence, this court will not reverse the judgment of the court below, but will consider the petition as having been amended to conform to the facts proved and the judgment of the court." And in as late a case as *Loper v. State*, 48 Kan. 540, although holding that the rule could not be applied in the case there determined because the parties had, at every opportunity, objected to the insufficiency of the allegations of the petition, the supreme court of Kansas clearly defined what the rule is where the parties upon the trial treat the pleadings as amended, and says: "If the case had been tried by all the parties as if the pleadings had been amended, or if no objection had been taken to the proof of all the charges of the official terms of Loper as county treasurer, we might consider the plead-

ings as amended to conform to the facts proved."
These decisions, then, clearly define the rule to be
that if the case is one in which amendments should,
upon an application, have been allowed, and the case
is tried without any objection to the defects which ap-
pear in the pleadings, the supreme court will treat
the amendment as having been made.

We come now to the primary and real question in
the case at bar. With the answer filed in the case
by the defendant, could the pleadings have been
amended so as to entitle the plaintiff to recover upon
his contract with the defendant, to take the plaintiff's
interest in the cattle and pay him back his advance-
ment of $1,500? It will be observed that it is the an-
swer filed by the defendant which first brought the
question of the rights of these parties growing out of
this partnership transaction into controversy into this
case. The plaintiff, in his petition, plead nothing
with reference to it, and there was no obligation
whatever on the part of the defendant to bring it into
the case. His general denial would have admitted as
complete a defense to the plaintiff's allegation, that
the money was received by the defendant as a loan,
as would the allegation that it was paid by plaintiff
as an advancement in a partnership arrangement.
The defendant himself chose to open the controversy
in this respect. He chose also to allege that the part-
nership was still in existence and was still underter-
mined, and that the plaintiff's $1,500 was still in-
vested in the partnership property. All of this, it is
true, the plaintiff denied by his reply, in which he
failed then to allege that the plaintiff had agreed to
pay him the $1,500 upon the settlement of the partner-
ship transaction. This latter failure, however, could
cut but little figure, for the case was tried, as we
have a right to presume it was, the same as if such an
allegation were contained in the reply. Of course

such an allegation in the reply would have been wholly inadmissible, as it made a new issue, if the defendant had not brought this question into the controversy. The allegations for the purpose of trying this issue are, no doubt, defective in both of plaintiff's pleadings, but these defects are cured by the pleadings of the opposite party and by the subsequent proceedings in the case. (*Grandstaff v. Brown,* 23 Kan. 176; *Clay v. Hilderbrand,* 34 Kan. 694; *Sanford v. Weeks,* 39 Kan. 649.)

Upon this subject the supreme court, in the case of *Clay v. Hilderbrand,* say: "We think the allegations of the plaintiff's petition as against Walruff are defective, but by Walruff's subsequent appearance in the case, his answer, his going to trial without objection, his introducing evidence as though the issues were all properly made up, and his making no objection in the court below at any time, we think he waived and cured the defective allegations of the petition and submitted his case to the court below upon its merits." It is true that the plaintiff in error did make an objection in the court below, but this objection was not made until after the judgment was rendered, and therefore the case comes substantially within the language of the supreme court just above given. But whether the answer of the defendant and the subsequent proceedings were such as to cure the serious defects in the plaintiff's pleadings or not, he certainly was the party who first brought the question, as to the partnership transaction, into the case, and he assisted, as much as an opposite party could, to bring the case within the class of cases in which other issues than those first proposed may be brought into the case by amendment. Now, as to whether this is one of the cases where so great a change could properly be made in the issues by amendment, must likewise be determined from a consideration of the Kansas decisions on

the question, and the rule deduced from illustrations from which the principle which governs these cases can be gathered. The cases are numerous in the Kansas reports, and it will not be difficult to arrive at a correct conclusion after we have observed what the decisions there have been, and were, before we adopted their code. In the case of *Missouri Valley Railroad Co. v. Caldwell, supra,* the petition sought to charge the defendant for damages resulting, by the negligence of the defendant as common carrier, to the property of the plaintiff. The special verdict of the jury found that the property had been shipped under a special agreement. Judgment was had for the plaintiff, and on appeal the supreme court held that it was a case where an amendment ought to have been allowed to the petition to conform the judgment to the facts proved, and the judgment below was affirmed.

The petition in the case of the *Kansas Pacific Ry. Co. v. Montelle,* 10 Kan. 119, sought to charge the defendant for certain goods which it is alleged had been delivered to the railroad company to be carried for a reasonable reward, and the issue was changed so that the plaintiff recovered on proof that he was a passenger and that the goods were his baggage to be carried by virtue of his being a passenger.

In *Kansas Pacific Railway Co. v. Salmon, Adm'x,* 14 Kan. 512, an amendment was allowed to the petition so as to charge the defendant for damages on account of the negligent killing of the deceased as an employe of the railroad company, while the original petition charged the negligent killing of the deceased as a passenger on the train of the railroad company.

In the case of *Hanlin v. Baxter,* 20 Kan. 134, it was held proper in a justice court to amend the bill of particulars by striking out the name of the plaintiff and substituting an entirely different party as the person against whom the injury was committed, the alleged

trespass being claimed to have been upon the premises and possessions of the latter party, but the injury done by the defendant being the same as that stated in the original complaint.

In the case of *Gas Co. v. Schliefer, supra*, it is held that a judgment for interest which the plaintiff neither asked nor prayed for, but which was allowed upon the instruction of the court to the jury, should not be reversed, because the trial court might have permitted an amendment to the petition.

The plaintiff, in the case of *Railroad Co. v. Hays*, 29 Kan. 193, was allowed, after judgment in the justice court, and on appeal by the defendant to the district court, to amend his bill of particulars from a cause of action at common law for the negligent killing of a cow, to a statutory cause of action for the injury.

In the case of *Reed v. Cooper, Administrator*, 30 Kan, 574, it was held proper after judgment in a justice court and appeal by the defendant to the district court, and after all the evidence is submitted in the district court, to permit the plaintiff to amend his bill of particulars so as to show that he is seeking to recover as administrator of an estate, and not in his individual capacity.

It was held proper in the case of *The Packing and Provision Co. v. Turner Casing Co.*, 34 Kan. 340, for the plaintiff to amend its petition so as to allege that the' defendant was a co-partnership consisting of numerous named individuals, instead of a corporation, as alleged in the original petition.

In the case of *The Atchison, Topeka & Santa Fe Railway Co. v. Rice*, 36 Kan. 593, it was held that, where a petition, intending to state a cause of action for unlawful arrest and imprisonment, sufficiently states a cause of action for false imprisonment, and where the evidence clearly shows a cause of action for false

imprisonment, and the defendant is not mislead, the plaintiff had the right, at any time during the trial, and possibly at any time before or after judgment, to amend the petition so as to make it state a good cause of action for false imprisonment.

In *Bogle v. Gordon*, 39 Kan. 31, it is held that a petition on a cause of action for money had and received, may be amended so as to charge that the defendant wrongfully, knowingly, fraudulently and unlawfully appropriated and converted the money to his own use, and that such an amendment does not change the cause of action when it is evident that the amended petition is concerning the same transaction set forth in the original one.

In *Organ Co. v. Rasley*, 40 Kan. 521, the plaintiff sued to recover the possession of an organ which had been sold upon a contract that the defendant would pay for the same the sum of $100, in a number of payments at stated times, the property to remain that of the organ company until paid for, and a part of which, it was claimed by the organ company, had not been paid.    The defendant admitted that he still owed on the property the sum of $15, but he alleged he had made a tender of the amount.    On the trial, the court found that all the amounts had been paid before suit was brought, and that the defendant was entitled to the possession of the organ.    In the supreme court it was claimed that there was a fatal variance between the issues and the proof, but this contention was denied and the supreme court held that the case should be considered as if the proper amendment had been made.

In *Missouri Pacific Railway Co. v. McCally*, 41 Kan. 639, the action was brought for personal injuries to a brakeman occasioned by the negligence of the defendant, and it was alleged that at the time of the injury he was riding upon the pilot of the engine.    Upon the

issue formed by the denial of the defendant, the case was tried to a jury, and, in answer to one of the special questions, the jury answered that McCally, at the time he was injured, was not riding on the pilot of the engine. The evidence showed that he was stand-ing upon the platform above the pilot of the engine, and, after judgment, the trial court allowed an amend-ment to make the petition correspond in this respect to the facts proved, and the supreme court refused to disturb the judgment.

In the case of *Tipton v. Warner*, 47 Kan. 606, an action was brought for the recovery of money alleged to be due the plaintiff because of the defendant's breach of trust in failing to convey to plaintiff the title to cer-tain tracts of land which had been located with land warrants furnished by plaintiff under an agreement to convey the same to plaintiff, and also to recover a certain sum of money loaned the defendant. The peti-tion set up the facts with reference to the procuring of title to the land by the defendant and his refusal to convey, constituting a breach of trust, but only sought a money judgment. Upon the trial the plaintiff recov-ered the money judgment, and was also decreed an equity in a part of the land. On appeal the supreme court held that it would have been proper to have amended the petition so as to constitute a good cause of action to declare and enforce the trust against Tip-ton, and as the evidence supported such an action, and the court had rendered such a judgment, the su-preme court would consider the petition as having been amended.

These cases we consider quite clearly in point, and authority permitting an amendment to be considered as made in the case at bar. In the case of *Bogle v. Gordon, supra*, the plaintiff sued for a particular sum of money had and received by the defendant for the use and benefit of the defendant. The amendment per-

mitted the cause of action to be changed from one for the recovery of a sum of money on account to one for the unlawful conversion of the same money. But it was the same sum of money, it was the same person who owed it, and it was between the same parties and for the recovery of the same amount. So, in the case at bar, the action is for the recovery of the sum of $1,500 with interest. It is money due and owing from the defendant to the plaintiff, and we cannot observe any prejudice, and none is alleged to have occurred to the defendant on account of changing the formal allegation as to the nature of this indebtedness. The authorities cited giving illustrations of cases where such amendments may be made, as well as the language of our statute itself, shows that what is aimed at under our Code of Procedure is the protection of the rights of the parties in giving them an opportunity to fairly and fully litigate property concerns between them, and not to permit a party to be defeated in the relief he asks on account of the objections to form particularly, unless these objections are made at the proper time, and if he has waived them until after the trial of the cause, and has litigated the controversy on its merits, he cannot then assert the invalidity of the judgment on account of a variance which has not, in any way, been to his prejudice. Our Code vests a broad discretionary power in the trial court to permit amendments in the pleadings or proceedings in matter and of parties, either before or after judgment, and we cannot say that the court abused this discretion where it is not shown that the party complaining has been injured by the court's either permitting the amendment to be made, or considering the amendment as made. The judgment below should not be reversed on account of the variance between the pleadings and the findings of the court.

The only other question urged for our consideration

in the brief of plaintiff in error is that there was not sufficient consideration for the promise of Zachariah Mulhall to repay to Joseph Mulhall this $1,500 invested on February 16, 1893, in the cattle business.   It is claimed that, as the court found that this promise was made to repay Joseph Mulhall this money "after it appeared that the said cattle deal entered into by said parties would not prove profitable, and might result in loss," Zachariah Mulhall would receive less than $1,500 from said property, and therefore there would not be sufficient consideration for the payment of $1,500.   This contention is untenable, both as a conclusion of fact and as a proposition of law.   The finding of the court, it is true, indicated that the business would not prove profitable, but it did not hold that there would be a loss.   There might be a loss, but there might also be a profit, and this was the chance that the defendant was taking in making the contract.   However, if it were true as a fact, fully determined that there would be an actual loss in the business, this would not prevent there being sufficient consideration for the contract.   There was property there, and Joseph Mulhall was the owner of an interest in the property, and whether it would have netted him something over, exactly, or something less than $1,500, it would make no difference.   No fraud is claimed to have been practiced in making this con tract.   It is not claimed but what Zachariah Mulhall knew exactly what he was getting, and knowing this, there was an ample consideration to support the contract, and whether or not this consideration is adequate, that is, fully equal in value to the money promised to be given in return therefor, makes no difference, the consideration was sufficient.   (Lawson on Contracts, § 93; Bishop on Contracts, § 45; *Davis v. Steiner*, 14 Pa. St. 275; 53 Am. Dec. 547; *Shepard v. Rhodes*, 7 R. I. 470; 84 Am. Dec. 573; *Earl v. Peck*, 64 N.Y. 596.)

Having determined both questions relied upon for a reversal, against the plaintiff in error, the judgment of the court below is affirmed.

Dale, C. J., not sitting; all the other Justices concurring.