LOOS v. PARENT, Adm'x.

No. 30947. Oct. 12, 1943.

Rehearing Denied Nov. 2, 1943.

*142 P. 2d 616.*

J. F. Murray, of Ponca City, and Raymond A. Trapp, of Blackwell, for plaintiff in error.

Doggett & Doggett, of Ponca City, for defendant in error.

PER CURIAM. The plaintiff, Ogreeta Parent, administratrix of the estate of W. O. Parent, deceased, commenced this action against J. George Loos, owner of Greater United Shows, Inc., hereinafter called defendant, to recover $1,837.68

for services performed by W. O. Parent during his lifetime. W. O. Parent was killed in an automobile accident, which explains the action by the administratrix; he will be referred to as plaintiff's husband. During the proceeding certain personal property was attached. The legality of the attachment proceeding is not involved in the appeal. The action was based on a written contract attached to the petition and was for services performed by plaintiff's husband as manager of an act known as the "human bullet act." He did not act as the "human bullet" himself, but was managing said act under a written contract with the defendant at the time of his death. The action is based on an agreement as to the balance due entered into between plaintiff's husband and the defendant during the term of the contract.

The petition did not allege the number of days that plaintiff's husband worked. It alleged the amount to be paid for each week's service in the approximate sum of $250; the total amount due was alleged to be $1,733.66, the aforesaid balance after certain payments. There was an additional allegation as to an amount due in the sum of $104.02 as interest, which explains the prayer for $1,837.69. This is rendered immaterial, since the verdict of the jury was for $1,733.66.

When the evidence of the plaintiff was practically completed, it was discovered that the number of weeks was miscalculated by approximately four weeks. The number of weeks necessary to complete the schedule of days covered by the testimony of plaintiff's chief witness corresponded substantially to the weeks in an account book kept by the plaintiff's husband and approved by the defendant. The defendant objected to the introduction of the evidence of the additional weeks. The plaintiff requested leave to amend the petition to meet this difficulty. The action of the trial court in this respect was objected to. The objection was overruled and exceptions saved to the ruling. The alleged error of the trial court in allowing the trial amendment and in refusing a continuance to meet the new issue are the two alleged errors presented.

It is stated that it was an abuse of discretion for the trial court to permit the amendment during trial, in that it changed the nature of the claim by enlarging the claim, and that the trial court erred in not granting a requested continuance on behalf of the defendant to meet the new issue raised by the amendment.

The defendant objected to the amendment solely on the ground that it was error to include the number of days of service testified to by the witness relied upon by the plaintiff. He also sought a continuance to meet the issues based solely upon this objection. No showing was made that the allegations contained in the amended petition were not true, and it is not contended now that they are untrue or that the defendant, if he could have had the continuance and met the issues, would have been able to prove that the allegations were untrue.

We have held that the allowance of a trial amendment is a matter in the sound judicial discretion of the court. Jantzen v. Emmanuel German Baptist Church, 27 Okla. 473, 112 P. 1127; Mulhall v. Mulhall, 3 Okla. 304, 41 P. 109; Elliott v. Cogswell, 56 Okla. 239, 155 P. 1146; Fulsom-Morris Coal Mining Co. v. Mitchell, 37 Okla. 575, 132 P. 1103; and Alcorn v. Dennis, 25 Okla. 135, 105 P. 1012.

It is alleged that the defendant was prejudiced by the failure of the trial court to allow the defendant, upon request for leave, to amend his answer. In Jantzen v. Emmanuel German Baptist Church, supra, it is stated that where the party applying for an amendment fails to set forth in his application any showing as to the character or purpose of the amendment desired, it cannot be said that there was an abuse of discretion or any material error in failing to allow the amendment.

The amendment of pleadings is largely a matter of discretion, and a ruling upon such an application will not be reversed unless there has been a clear

abuse of discretion of the trial court. Swope v. Burnham, 6 Okla. 736, 52 P. 924. The amendment to the petition was not a substantial change in the controversy between the plaintiff and the defendant. The amount sued for in the original petition remained the same as that stated in the amended petition. The objection to the plaintiff's cause of action, if any can be considered to have been made, was that at some later date plaintiff's husband and defendant reached a new agreement as to the price to be paid for the services. The defense sought to be presented by defendant could have been presented as well to the action based on the original petition as upon the amended petition. Swope v. Burnham, supra; Mulhall v. Mulhall, supra. In Mulhall v. Mulhall, supra, it is stated:

"Now it will be observed by section 133 (12 O. S. 1941 § 311) that no variance between the allegations of the pleadings and the proof is to be deemed material unless the adverse party has been actually misled to his prejudice in maintaining his action or defense upon the merits, and that when a party is misled by such a variance it is incumbent upon him to show to the court that he has been misled, and that then the court may allow an amendment upon terms."

The "terms," of course, are those permitting costs in the case mentioned, the allowance of a continuance or a new trial as the case may be. Defendant does not claim that it was misled or that the issues were changed so that if a continuance had been granted this defense would have been presented. There was no error in the allowance of the amendment to the petition or the failure to grant a continuance to the defendant.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.